# CHARLES WEBSTER *v.* STATE OF MARYLAND

[No. 246, September Term, 1968.]

*Decided February 19, 1969.*

*Stanley S. Cohen* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

A search warrant was issued by an associate judge of the Municipal Court of Baltimore City on the grounds of probable cause that the narcotics laws were being violated. The warrant commanded the police officer who swore to the application for it, with the necessary and proper assistants, to enter and search "1516 Pennsylvania Ave. 1st floor (Pool Room)," to search the person and clothing of the "named or described persons mentioned in the attached affidavit" and all other persons who may be participating in said criminal activities, and "to arrest all persons including the previously named or described who are mentioned in the attached affidavit who may be participating in said criminal activities." The persons mentioned in the affidavit were "alias 'Candy' " and McKinley Richardson. It was stated in the affidavit that the premises were "used, rented, kept or occupied" by them. The person mentioned as "alias 'Candy' " was described as acting "as a floorman or manager of the poolroom," and the affiant stated that he had seen the individual known as "alias 'Candy' " on the premises. He was not otherwise described. Under authority of the warrant, the affiant entered the premises with the necessary and proper assistants; the appellant was found therein; one of the assistants searched him in the affiant's presence; a number of gelatin capsules each containing a white powder, "which was at the time, based on (the affiant's knowledge) suspected of being a narcotic and, in particular, heroin" were found on his person; and he was arrested. On analysis by a United States Customs Chemist the white powder proved to be heroin. The appellant was found guilty at a court trial in the Criminal Court of Baltimore of possession of heroin and sentenced to two years.

On appeal the appellant does not claim that the affidavit was not sufficient to show probable cause. And he did not claim below, nor does he so claim on appeal, that he was not known as "Candy".[1] He contends, however, that the person mentioned in the affidavit as "Candy" was not sufficiently described therein and in that respect the warrant was a general warrant. The thrust of his argument is that if the warrant did not properly authorize the search of "Candy", then the search of him was unreasonable for there was nothing to show, prior to the search of his person, that he was participating in the criminal activities. We agree, as the appellant argues, that the search of him cannot be upheld by the command in the warrant "to search all other persons who may be participating in said criminal activities." See *Griffin v. State,* 232 Md. 389; *Scott v. State,* 1 Md. App. 481. If the search of him was reasonable, it must be under the command in the warrant to search "alias 'Candy' "; if that command was proper, the search of him was proper.

We said in *Salmon v. State,* 2 Md. App. 513, 518:

> "In view of the federal and State constitutional provisions relating to searches and seizures, and prohibiting general or blanket-type warrants, the statute prohibits the issuance of any warrant unless it shall 'name or describe, with reasonable particularity, the individual, building, apartment, premise, place or thing to be searched,' together with, *inter alia,* the 'grounds for the search.' "

Here the person was named. That it may not have been the person's legal name, or his full name or that it was an alias or a nickname did not render the warrant invalid as a general warrant. The person was also described as the floorman or manager of the poolroom located on the 1st floor of the premises 1516 Pennsylvania Avenue and the affiant had seen him there. We think that the warrant, as to "Candy", named the person to be searched with such "reasonable particularity" as not to be a general or "blanket-type" warrant. Warrants have been

---

1. At the trial the affiant identified the appellant as the person referred to as "Candy" in the affidavit.

held to be valid when the person to be searched is described by approximate age, height and weight, and is to be identified by the affiant, with no other description or designation. See *Giordano v. State,* 203 Md. 174; *Wilson v. State,* 200 Md. 187; *Saum v. State,* 200 Md. 85. Cf. *Martini v. State,* 200 Md. 609. Therefore, the search of the appellant "Candy" under the authority of the warrant and the seizure of the heroin as the result of the search were reasonable. As the evidence was obtained by a reasonable search and seizure it was properly admissible. There was no error in the denial of the motion filed by the appellant to suppress the evidence and the judgment is affirmed.

*Judgment affirmed.*