**The STATE of Delaware**

**v.**

**Eugene WISE.**

Superior Court of Delaware,
New Castle.

July 14, 1971.

James W. Garvin, Jr., Deputy Atty. Gen., Wilmington, for the State.

Henry A. Wise, Jr., Asst. Public Defender, Wilmington, for defendant.

O'HARA, Judge.

On the 23rd day of December, 1970, members of the Wilmington Police Department armed with a search warrant issued

by a Judge of the Municipal Court, and related to the suspected operation of a lottery policy writing business in violation of 11 Del.C. § 662, entered premises located at 201 North Rodney Street, Wilmington, Delaware. The premises having the appearance of a small grocery store was in the control of, and being operated by, one Michael Jones. Present also on the premises were several other individuals, including the defendant, Eugene Wise. At the time of the entry by the police, Jones was situated behind a counter while the other persons present were in the more open part of the premises, the defendant standing some five feet away from Jones and near the entry to a small bathroom.

The defendant, who did not make any move to flee nor resist nor exhibit anything obvious about his person which would indicate that he was in possession of gambling paraphernalia was, nevertheless, promptly searched by the police officers present. This search revealed certain "numbers slips" on the person of Wise who was thereupon arrested and charged with a violation of law prohibiting having an interest or concern in lottery policy writing. Subsequently, at the police station the defendant was more minutely searched and further gambling slips discovered.

The defendant has moved to suppress the evidence seized from him on the grounds that the search and seizure violated his Constitutional rights.

The affidavit in support of the search warrant, which describes in detail observations made by the police affiants, over a period of time, describes in some particular the premises involved and the basis upon which they believed that an illegal lottery policy business was being conducted on the premises by the aforementioned Michael Jones. No mention was made by the affiants of the possible involvement of any other individual than Jones and, in particular, no mention was made of the defendant, Eugene Wise.

The application for the search warrant in its formal and printed portion, to which the aforementioned affidavit was added, refers broadly to the probability that certain gambling contraband might be concealed on the "person or persons of the occupants of the premises". Additionally, the search warrant itself when issued contained a direction in the formal and printed portions thereof "to search any occupant or occupants" found on the premises. In this instance the only "occupant" searched in addition to the specifically named Michael Jones was the defendant, Eugene Wise.

The Fourth Amendment of the Constitution of the United States provides:

"The right of the people to be secure * * * against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, * * * particularly describing the place to be searched, and the persons or things to be seized."

The Delaware Constitution, Article 1, Section 6, Del.C.Ann., contains a similar provision which in slightly different language prohibits the issuance of such warrants "to search any place, or to seize any person or thing * * * without describing them as particularly as may be". It is to be noted therefrom that both Constitutions have thus placed some emphasis upon the necessity of describing in detail the place and/or person to be searched and/or seized.

In United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210, the United States Supreme Court said in effect that it is not the law that armed with a search warrant for a particular building an officer may search all persons found on it. It is the State's contention here that the *Di Re* case is distinguishable in that the warrant in that case did not contain any language purporting to authorize a search extending to "occupants". Furthermore, the State contends the facts of this case, take it outside the gambit of the *Di Re* case in that the defendant, here, was standing in a position quite close to the individual named in the search warrant and was in such close proximity to a bathroom that he could have easily and readily destroyed

evidence before it could be seized. In this last contention the State also relies upon Walker v. United States, 117 U.S.App.D.C. 151, 327 F.2d 597 (1963).

The difficulty with the State's position is that it is an effort to rely upon the circumstances here presented to justify the rather clear restrictive language of both Constitutional provisions heretofore mentioned. It is extremely doubtful in the *Di Re* case that the Court would have reached an opposite conclusion if the form of the search warrant there involved had attempted to authorize the search of "occupants".

It would seem that the Constitutional provisions are sufficiently clear. They require specificity. The only specificity found in the instant warrant, the application therefor and the affidavit, directly apply to one person only, i. e., Michael Jones.

■ The mere addition of formal language directing the search of all "occupants" found on the premises does not meet the requirement of specificity. If the affiants had information upon which to believe that the defendant was himself involved in the illegal gambling operation, it should have been so stated in the affidavit. Nor does the presence of the defendant on the premises under the circumstances here described justify the extension of the search to his person.

The conclusion here reached is not intended to say that under no circumstance would the police, in conducting such a raid, be justified in searching someone other than the individual or individuals named in the search warrant. For example, a very different situation existed in the factual setting of the *Walker* case, supra, relied upon by the State. In that case, during the search of the premises, the officers actually saw the owner of the premises passing contraband goods to the defendant in their presence. In United States v. Festa, D.C., 192 F.Supp. 160 (1960), the Court in finding that a search warrant for the premises only did not support the search of a third party did note, by way of dictum, that

"perhaps it is permissible for an officer validly executing a warrant to seize property having the characteristic of being easily removed or concealed, particularly property consisting of several different items, to order a person on the premises to remain until the officer can be certain that the detainee is not engaged in removing the property specified in the warrant. Admittedly, this would be an arrest of the person; but if limited, as suggested, in time and purpose, it might be a reasonable arrest, search, and seizure."

■ The circumstances here do not even rise to the stature of the situation suggested by the *Festa* dictum. If the officers here were justifiably suspicious of the circumstances surrounding the defendant's presence on the premises they could have properly detained him for two hours under the Delaware uniform arrest law, during which time inquiry could have been made as to his name, address, and business on the premises. At the same time, if the circumstances justified it, a proper search warrant could have then been obtained to search his person. No such effort was made in this situation, simply an immediate search of the defendant's person being conducted.

■ Finally, the Court finds no merit in the State's additional argument that the officers, once lawfully inside the premises, had probable cause to believe a misdemeanor was being committed in their presence involving the defendant thus justifying the search which followed. None of the facts which occurred after the entry and which were described in detail in police testimony justify such a conclusion.

For the reasons herein set forth the Court concludes that the search of the person of the defendant and seizure from him of certain articles was in violation of his Constitutional rights and such evidence should not be admitted as evidence at trial against him. Defendant's motion to suppress such evidence should be granted.

It is so ordered.