## Commonwealth *v.* Platou, Appellant.

Argued March 15, 1973. Before JONES, C.J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Robert G. Geeseman,* with him *G. Harold Blaxter,* for appellant.

*Bruce L. Smith,* Assistant District Attorney, with him *Paul D. Shafer, Jr.,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Roberts, November 26, 1973:

Appellant Peter E. Platou was convicted of possession of marijuana[1] and sentenced to serve two years probation and to pay a $500 fine. He moved before trial to suppress the marijuana seized from his effects. After the denial of his motion, appellant was tried nonjury. At trial the challenged evidence was introduced over objection. Appellant was adjudged guilty, and the Superior Court affirmed in a per curiam opinionless order. *Commonwealth v. Platou*, 220 Pa. Superior Ct. 779, 286 A. 2d 402 (1972). We granted allocatur to consider whether the seizure of marijuana from appellant violated his right to be free from unreasonable searches and seizures.[2] We hold it did. We reverse and grant a new trial.

At the time of the search appellant was a guest in the apartment of his friend, Robert Wander. On the basis of a sale of marijuana by Wander to a police agent, an arrest warrant for him and a search warrant for his premises were obtained. The police arrested Wander at his place of work and accompanied by him proceeded to his apartment. At this time, the police had no knowledge of appellant's existence. Approaching the apartment, Wander informed the police that he had a friend visiting him. When the police arrived they read the warrant to Wander and entered. Although it is unclear exactly what next transpired, the record does establish that the police announced they had authority to search everything in the apartment

---

[1] The Drug, Device and Cosmetic Act, Act of September 26, 1961, P. L. 1664, §4, 35 P.S. §780-4, as amended, The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P. L. 233, No. 64, §§1-44, 35 P.S. §§780-101 to -144 (Supp. 1973).

[2] U. S. Const. amend. IV; Pa. Const. art. I, §8. Our discussion of the Fourth Amendment is equally applicable to the state constitutional provision.

and that appellant claimed the two suitcases lying on the floor of Wander's apartment were his.[3] Despite being on notice that the suitcases did not belong to Wander, the police began searching them simultaneously with their initiating a search of the apartment. In one of appellant's suitcases they found a single ounce of marijuana.[4]

The Commonwealth attempts to justify its search of appellant's suitcases solely on the ground that it was authorized by a valid warrant.[5] It argues that

---

[3] One of appellant's suitcases was open, the other closed. For the purpose of our analysis, this makes no difference.

[4] In the midst of searching appellant's suitcases, one of the searching officers admonished appellant that "[i]f there's Marijuana in here we are going to find it and you might as well tell us where it is." Transcript of Suppression Hearing at 7 (Apr. 30, 1970). Appellant complied and it was then that the single ounce of marijuana was discovered. The "burden [of proving consent] cannot be discharged by showing no more than acquiescence to a claim of unlawful authority." *Bumper v. North Carolina*, 391 U.S. 543, 548-49, 88 S. Ct. 1788, 1792 (1968) ; *Commonwealth v. Harris*, 429 Pa. 215, 221, 239 A. 2d 290, 293 (1968). The Commonwealth has not attempted to justify the search as consensual, and could not prevail if it did.

[5] If the search of appellant's suitcases was not authorized by the search warrant for Wander's apartment, the Commonwealth would have had to prove that an exception to the Fourth Amendment warrant requirement existed to justify the warrantless search. It must be remembered that all warrantless searches are per se unreasonable absent exigent circumstances. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968) ; *Commonwealth v. Cockfield*, 431 Pa. 639, 246 A. 2d 381 (1968). Because no probable cause existed to arrest appellant prior to the search of his suitcases, the search cannot be considered as incident to a valid arrest. *Commonwealth v. Reece*, 437 Pa. 422, 263 A. 2d 463 (1970). In any event, appellant's suitcases were beyond the area of his control, where he could possibly utilize a hidden weapon, and therefore the search could not constitutionally be justified as necessary for the officer's protection. *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034 (1969). The single ounce of marijuana, although found in the opened suitcase, was inside a shoe which in turn was inside a

because the suitcases were separated from appellant's person and located within Wander's apartment, they were properly searched. We disagree.

The search of appellant's suitcases under the authority of the search warrant for Wander's apartment is analagous to those situations in which consent searches have been invalidated because the place or thing searched was in the exclusive control or possession of a nonconsenting party, and the consenting party did not have "an independent right of his own to consent to the seizure . . . ." *Commonwealth v. Storek,* 442 Pa. 197, 200, 275 A. 2d 362, 364 (1971); see *Cunningham v. Heinze,* 352 F. 2d 1, 4-5 (9th Cir. 1965), cert. denied, 383 U.S. 968, 86 S. Ct. 1274 (1966); *Reeves v. Warden,* 346 F. 2d 915 (4th Cir. 1965); *Holzhey v. United States,* 223 F. 2d 823 (5th Cir. 1955); *United States v. Blok,* 188 F. 2d 1019 (D.C. Cir. 1951); *United States v. Poole,* 307 F. Supp. 1185 (E.D. La. 1969); cf. *Frazier v. Cupp,* 394 U.S. 731, 740, 89 S. Ct. 1420, 1425 (1969). It is controlled by the same rationale. The reasoning of these "consent" search cases is that a person cannot waive the Fourth Amendment rights of another with respect to property owned or possessed by that other person.

Like consent, a warrant fulfills the Fourth Amendment requirement that searches be reasonable. But a warrant can only authorize a search of the place or thing for which an affidavit[6] containing facts constituting probable cause has been submitted. If a warrant

---

shoe sock. It was not in plain view. See *Coolidge v. New Hampshire,* 403 U.S. 443, 464-73, 91 S. Ct. 2022, 2037-42 (1971); *Harris v. United States,* 390 U.S. 234, 88 S. Ct. 992 (1968); *Ker v. California,* 374 U.S. 23, 43, 83 S. Ct. 1623, 1635 (1963). Consent is not here at issue. See note 4 supra.

[6] Probable cause for a search warrant may be supported by sworn oral testimony. *Commonwealth v. Milliken,* 450 Pa. 310, 300 A. 2d 78 (1973); Pa. R. Crim. P. 2003.

permits the search of premises or effects of a particular person, as here, then it cannot be extended by the officer executing the warrant to include a search of things not belonging to or under the control of that person. In the instant case, it is undisputed that Wander had no control over appellant's effects. Moreover, the police before undertaking their search were on notice that the suitcases belonged to appellant, and not Wander. The property of appellant cannot be searched under the authority of a warrant for the premises of Wander. If it could, appellant would not be afforded his Fourth Amendment guarantee with respect to his property, because no magistrate ever decided that probable cause existed for the search of his effects.[7]

To hold that the search of appellant's suitcases was authorized by the search warrant for Wander's apartment would offend the Fourth Amendment's directive that "no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized."[8] The police had no knowledge of the existence of appellant, or of his property, prior to the time they entered Wander's apartment. A fortiori, neither did the issuing magistrate. The warrant therefore could not possibly have described appellant's effects. If the officer executing the warrant, by his own choice, could extend its reach by searching things not particularly described therein, the constitutional prescription of particularity would be violated. "The requirement that warrants shall particularly describe the things to be seized makes gen-

---

[7] The Commonwealth does not contend, as indeed it could not, that the search was reasonable because justified by an exception to the Fourth Amendment warrant requirement. See note 5 supra.

[8] The Pennsylvania Constitution similarly provides that "no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be . . . ." Pa. Const. art. 1, §8.

eral searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States,* 275 U.S. 192, 196, 48 S. Ct. 74, 76 (1927); see *Stanford v. Texas,* 379 U.S. 476, 85 S. Ct. 506 (1965); *Boyd v. United States,* 116 U.S. 616, 6 S. Ct. 524 (1886); *Commonwealth v. Matthews,* 446 Pa. 65, 72-74, 285 A. 2d 510, 513-14 (1971).

Our determination here is in accord with *Commonwealth v. Reece,* 437 Pa. 422, 263 A. 2d 463 (1970). There, this Court held that police, validly within an apartment under the authority of a search warrant, unconstitutionally searched persons who happened to be on the premises and about whom the police had no information suggesting involvement in criminal activity. Implicit in *Reece* was this Court's refusal to sanction the right of an officer executing a search warrant to extend its scope to cover persons or things not particularly described in the warrant. Our conclusion is consistent with the reasoning in *United States v. Di Re,* 332 U.S. 581, 68 S. Ct. 222 (1948),[9] and with the result reached in other jurisdictions.[10]

---

[9] In *United States v. Di Re,* 332 U.S. 581, 68 S. Ct. 222 (1948), Di Re was convicted of knowingly possessing counterfeit gasoline ration coupons on the basis of evidence seized from him. The Circuit Court of Appeals for the Second Circuit held both Di Re's arrest and search illegal, and reversed the judgment of the district court. The Supreme Court affirmed.

In *Di Re,* federal officials, acting on an informer's tip, stopped an automobile in which Di Re was a passenger and without a warrant searched him. The government defended its search on the ground, inter alia, that incident to a warrantless search of an automobile, all occupants justifiably could be searched. The Court concluded that no search of the car took place, and so avoided deciding whether an automobile because of its mobile nature could be searched without a warrant more readily than other property. Id. at 586, 68 S. Ct. at 224.

The facts of *Reece* are strikingly akin to those of the instant case. There the police, acting on an in-

---

It did, however, address the question whether a right to search an automobile without a warrant conferred an incidental right to search all of its occupants. "The Government says it would not contend that, armed with a search warrant for a residence only, it could search all persons found in it. But an occupant of a house could be used to conceal this contraband on his person quite as readily as can an occupant of a car. Necessity, an argument advanced in support of this search, would seem as strong a reason for searching guests of a house for which a search warrant had issued as for search of guests in a car for which none had been issued. By a parity of reasoning with that on which the Government disclaims the right to search occupants of a house, we suppose the Government would not contend that if it had a valid search warrant for the car only it could search the occupants as an incident to its execution. How then could we say that the right to search a car without a warrant confers greater latitude to search occupants than a search by warrant would permit?" Id. at 587, 68 S. Ct. at 225.

[10] *United States v. Poole*, 307 F. Supp. 1185, 1190-91 (E.D. La. 1969) ; *United States v. Haywood*, 284 F. Supp. 245, 250 (E.D. La. 1968) ; *United States v. Festa*, 192 F. Supp. 160, 163 (D. Mass. 1960) (WYZANSKI, J.) ; *State v. Wise*, 284 A. 2d 292 (Del. Super. 1971) ; *Jones v. State*, 126 Ga. App. 841, 192 S.E. 2d 171 (1972) ; *Purkey v. Mabey*, 33 Idaho 281, 193 P. 79 (1920) ; *State v. Bradbury*, 109 N.H. 105, 243 A. 2d 302 (1968) ; *State v. Fox*, 283 Minn. 176, 168 N.W. 2d 260 (1969) ; *People v. Smith*, 21 N.Y. 2d 698, 234 N.E. 2d 460, 287 N.Y.S. 2d 425 (1967) (per curiam) ; *Crossland v. State*, 266 P. 2d 649 (Okla. Crim. App. 1954) ; *State v. Carufel*, 263 A. 2d 686 (R.I. 1970) ; *State v. Massie*, 95 W. Va. 233, 120 S.E. 514 (1923). Cf. *Griffin v. State*, 232 Md. 389, 194 A. 2d 80 (1963) (warrant authorizing police to search all persons on premises construed to allow police to search only those they witness committing a crime) ; *Webster v. State*, 6 Md. App. 163, 250 A. 2d 279 (1969) (per curiam). See generally Note, 58 Cornell L. Rev. 614 (1973). But see *United States v. Johnson*, 475 F. 2d 977 (D.C. Cir. 1973) ; *State v. Procce*, 5 Conn. Cir. 637, 260 A. 2d 413 (1969) ; *Willis v. State*, 122 Ga. App. 455, 177 S.E. 2d 487 (1970) ; *Samuel v. State*, 222 So. 2d 3 (Fla. 1969) ; *State v. Pugh*, 69 Ill. App. 2d 312, 217 N.E. 2d 557 (1966) ; *State v. Loudermilk*, 208 Kan. 893, 494 P. 2d 1174 (1972) ; *State v. DeSimone*, 60 N.J. 319, 288 A. 2d 849 (1972) (automobile search) ; *Johnson v. State*, 440 S.W. 2d 308 (Tex. Crim. App. 1969).

formant's tip, obtained a search warrant for an apartment where a "pot" party was supposedly going to be held. As persons entered the apartment, the police searched them. Those found with narcotics were arrested. In both *Reece* and the present case, the police had no information about the visitors; no indicia existed to suggest criminal activity; the crime charged was possession of marijuana, "a crime [which] by its very nature is unique to the individual." *Reece,* supra at 427, 263 A. 2d at 466. In both, guilt by association was the sole rationale for the search and subsequent arrest. See *Sibron v. New York,* 392 U.S. 40, 62-66, 88 S. Ct. 1889, 1902-04 (1968).

While recognizing the applicability of *Reece* to the present case, the Commonwealth has attempted to distinguish it. The only factual distinction is that the search in *Reece* was of the guest's person, and here the search was of the guest's effects. There is no constitutional difference.

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."[11] A person does not lose the protection of the Fourth Amendment by entering the apartment of another. *Katz v. United States,* 389 U.S. 347, 352, 88 S. Ct. 507, 511 (1967); *Jones v. United States,* 362 U.S. 257, 261-67, 80 S. Ct. 725, 731-34 (1960); *Reece,* supra. Neither do a person's effects. The Fourth Amendment permits no lesser protection for a person's effects, than for his person. So long as a person seeks to preserve his effects as private, even if they are accessible to the public or to others,

---

[11] The wording of article I, section 8 of the Pennsylvania Constitution is only slightly different. "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures . . . ."

they are constitutionally protected. *Katz*, supra at 351, 88 S. Ct. at 511. Stated differently, a person must maintain the privacy of his possessions in such a fashion that his "expectations of freedom from intrusion are recognized as reasonable." Id. at 361, 88 S. Ct. at 517 (HARLAN, J., concurring).

Personal belongings brought by their owner on a visit to a friend's house retain their constitutional protection until their owner meaningfully abdicates control or responsibility. Appellant's placing his suitcases on the floor of Wander's apartment and opening one of them does not amount to an abandonment of his control. Appellant maintained his reasonable expectation of privacy. And therefore the search of his suitcases was unreasonable and constitutionally impermissible.

The order of the Superior Court is reversed. The judgment of sentence of the Court of Common Pleas of Crawford County is reversed and the case is remanded for a new trial.

Mr. Chief Justice JONES dissents.