Herman Clark was convicted of possession of cocaine, sentenced to eighteen years' imprisonment, and fined $5000. That conviction must be reversed because of an improper search and because the prosecution failed to prove the defendant's guilt.
 I
The defendant argues that the trial court erred by denying his motion to suppress the evidence found in his clothing. He contends that the search warrant authorizing the search of his person was invalid because the description of the person to be searched was deficient. We agree.
The search warrant was issued upon the affidavit of Tim Green, a narcotics investigator with the Houston County Sheriff's Department. The affidavit stated that Investigator Green had received information from "a reliable informer" that "within the *Page 162 
past 48 hours" he had seen "Herman and/or Houdini; Linda Hardimon; and Vaness Riddlespriger in possession of marijuana and cocaine." The search warrant authorized the search for marijuana and cocaine in the residence located at 407 Reid Drive, Dothan, Alabama, and in a "burgundy in color" Datsun 280Z automobile with a Florida license plate. The warrant also authorized the search of the persons "Herman and/or Houdini; Linda Hardimon; and Vaness Riddlespriger."
Armed with the search warrant, Investigator Green and several officers went to the above address and began a surveillance of the house. The officers observed a "black male" come out of the house and get into the automobile which was described in the search warrant and drive away. The car was stopped "[a]pproximately a block . . . south of the house." Houston County Sheriff Lamar Hadden testified that he "got [the defendant] out of the car" and proceeded to search "his socks . . . his pants, pockets and then went on up and took his cap off and found [a clear plastic bag containing white powder] in the cap on his head." The bag contained cocaine. No controlled substances were found in the car.
The affidavit was sufficient to establish probable cause to search the residence only. Investigator Green's affidavit stated that the informant "was at the above residence within the past 48 hours and saw Herman and/or Houdini; Linda Hardimon; and Vaness Riddlespriger in possession of marijuana and cocaine." The affidavit contained absolutely no statement as to why Green believed there were drugs in the car. The affidavit contained no information from the informant about the car. Green's allegation that he had probable cause to believe the named individuals had drugs "in the following vehicle: Datsun 280Z, burgundy in color, bearing Florida License Plate, numbering is unknown" is a bare conclusion.
"The primary function of an affidavit as an application for a search warrant is to set forth the facts upon which the magistrate issuing the warrant may base his determination of probable cause. It is elementary that before a search warrant can issue, the judicial officer issuing the warrant must be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." 68 Am.Jur.2d Searches and Seizures § 67 (1973). With respect to the automobile, the affidavit stated only conclusions and not facts. Crittenden v. State, 476 So.2d 632 (Ala. 1985); Murry v.State, 48 Ala. App. 89, 94, 261 So.2d 922 (1972). Consequently, the search of the automobile was improper.
Furthermore, the description of the defendant contained in the warrant was insufficient to authorize a search of the defendant. See generally, Annot., 49 A.L.R.2d 1209 (1956). Section 15-5-3, Alabama Code 1975, provides that "[a] search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched." (Emphasis added.) It is better that a search warrant contain the name of the person to be searched, but there is no constitutional requirement that it do so. State v. Teague,469 So.2d 1310, 1318 (Ala.Cr.App. 1985). A search warrant "should identify the person in such a manner as to leave the officer no doubt and no discretion as to the person to be searched." 68 Am.Jur.2d Searches and Seizures § 79 (1973).
 "[T]he individual to be searched must be described with such particularity that he may be identified with reasonable certainty. The person's name, if known, should be set forth, but a name is not essential in all cases. Description of the individual by an alias, family relationship to another named person or even as 'John Doe' will suffice when other facts, such as physical description and location, are also included." W. LaFave, 2 Search and Seizure, § 4.5(e) (2d ed. 1987).
In the instant case, the search warrant authorized the search of the person "Herman and/or Houdini." This was not sufficient to identify the person to be searched with reasonable certainty. The warrant did not contain any physical description of the person to be searched. Although the *Page 163 
warrant contained a location at which the person could be found, the lack of a physical description of the person to be searched causes the warrant to be fatally defective because there was no information to support the probable conclusion that "anyone in the described place . . . [would be] involved in the criminal activity in such a way as to have evidence thereof on his person." 2 LaFave at § 4.5(e). Compare State v.Albert, 115 Ariz. 354, 565 P.2d 534, 535 (1977) (Where a search warrant correctly specified suspects' first names, gave their physical descriptions and contained precise location at which they could be found, it was not fatally defective because it did not contain suspects' last names.); Webster v. State,6 Md. App. 163, 250 A.2d 279, 280 (1969) (where warrant described person by use of an alias and further described the person as the manager of the premises where warrant was to be executed, search of defendant was proper).
At trial, the State argued that, because the warrant authorized the search of the automobile for drugs which could be easily concealed upon the person, the police officers had probable cause to search the defendant's person. This argument is without merit. A person's mere presence in a suspected car does not cause that person to lose immunities from search of his person to which he would otherwise be entitled under the Fourth Amendment. Ybarra v. Illinois, 444 U.S. 85, 95,100 S.Ct. 338, 344, 62 L.Ed.2d 238 (1979); United States v. Di Re,332 U.S. 581, 587, 68 S.Ct. 222, 225, 92 L.Ed. 210 (1948). InYbarra, supra, "[t]he Court, . . . concluded that an occupant of premises being searched pursuant to a search warrant may be searched for the objects named in the warrant only upon probable cause those objects are on the person of that occupant." 2 LaFave at § 4.9(c).
The defendant's motion to suppress the evidence obtained from his hat should have been granted by the trial court.
 II
This case must also be reversed because the prosecution did not prove that the defendant possessed the drugs found in the residence. After the defendant was taken into custody, Sheriff Hadden proceeded to conduct a search of the house located at 407 Reid Drive. The sheriff "went into the front bedroom" of the house and "found a picture of Mr. Clark on the mirror"; items of clothing for men and women; a .45 caliber pistol; a letter containing the name, address, and telephone number of Tom Clark; and a "shaving kit" containing "five bags" of cocaine. Marijuana was also found "in the chest of drawers" in the bedroom.
At trial, the defendant sought to have the evidence of cocaine and marijuana found in the house suppressed on the grounds that the State failed to prove his actual or constructive possession of the controlled substances. The trial court denied the motion and admitted the cocaine and marijuana into evidence. The trial court also denied the defendant's motion for new trial challenging the sufficiency of the evidence to support his conclusion.
 "Knowledge by the accused of the presence of the controlled substance is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under The Alabama Controlled Substances Act. Walker v. State, 356 So.2d 672 (Ala. 1977). Such guilty knowledge may be established by circumstantial evidence. Walker v. State, 356 So.2d 674, 675
(Ala.Cr.App.), cert. denied, 356 So.2d 677 (Ala. 1978). It may be proved by evidence of acts, or conduct of the accused, from which it may be fairly inferred that he knew of the existence of the narcotics at the place where they were found. Walker, 356 So.2d at 676. Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Daniels v. State, 49 Ala. App. 654, 275 So.2d 169 (1973). Proof of constructive possession alone will not justify a conviction. Cook v. State, 341 So.2d 183
(Ala.Cr.App. 1976); Coker v. State, 25 Ala. App. 191, 143 So. 206 (1932)." Temple v. State, 366 So.2d 740, 741 Ala.Cr.App. 1978).
If a person is in possession, but not exclusive possession, of the premises, "it may *Page 164 
not be inferred that he knew of the presence of any controlled substance found there unless there are other circumstances tending to buttress this inference." Temple, 366 So.2d at 743;Grubbs v. State, 462 So.2d 995, 998 (Ala.Cr.App. 1983).
The evidence presented by the State is clearly and simply not sufficient to prove that the defendant owned, controlled, or resided in the house where the drugs were found. The State failed to ascertain the name of the person in whose bedroom the cocaine and marijuana was found or the names of the persons to whom the clothing in the bedroom belonged. A utility bill for the house was listed in the names of the two female occupants of the house. No letters addressed to the defendant were ever found in the house. It was further established that the house was locked when the police officers first attempted their search and that the defendant did not have a key.
The State's evidence did not show how long the defendant had been at the house, nor does it show that he was aware of the presence of the contraband. Viewing the "circumstances as a whole," the evidence is not enough to establish that Clark was any more than a visitor. Grubbs v. State, 462 So.2d at 997. SeeCrane v. State, 401 So.2d 148 (Ala.Cr.App.), cert. denied,401 So.2d 151 (Ala. 1981). We therefore find that the trial court erred in denying the defendant's motion to suppress the evidence found in the house and in denying his motion for new trial.
Because illegally seized evidence was admitted at the defendant's trial and because the prosecution failed to establish that the defendant possessed the drugs which were properly seized, the judgment of the circuit court is reversed and a judgment rendered for the defendant. Ex parte Beverly,497 So.2d 519 (Ala. 1986).
REVERSED AND RENDERED.
All Judges concur.