## Commonwealth v. Concannon

*Curtis J. Rogers, assistant district attorney,* for the Commonwealth.
*Robert M. Rosenblum,* for defendant.

MILLER, *J.,* October 30, 1992—On May 18, 1992, a criminal complaint was filed by Detective-Sergeant John P. Lamberton of the Tobyhanna Township Police Department, charging the defendant, Stephen Concannon, with possession of controlled substances, specifically lysergic acid diethylamide and methamphetamine hydrochloride in violation of 35 P.S. §780-113(a)(16) and 35 P.S. §780-113(37)(b). The charges resulted from a search of the defendant and certain items of his personal property conducted by law enforcement agents while executing a federal search warrant at the home of William Shoener, Pocono Lake, Tobyhanna Township, Monroe County, Pennsylvania on November 7, 1991. The defendant, at the time, was a guest at the Shoener residence.

The defendant waived the preliminary hearing, and the charges were transferred to court by District Justice Clarence W. Dennis on May 22, 1992. On August 3, 1992, the defendant filed an omnibus pre-trial motion to suppress evidence challenging the admissibility of the drugs discovered during the search by federal law enforcement officials of his person and jacket while he was a guest at the Shoener residence. A hearing on defendant's

motion was held before this court on October 16, 1992, at which time defense counsel and Commonwealth's attorney stipulated as to the basic facts underlying this matter. Both parties were then afforded the opportunity to submit briefs. Counsel for the defendant has provided us with certain case law as requested, we are, therefore, ready to proceed.

As indicated above, the parties are in agreement as to the events surrounding the search of the defendant on November 7, 1991, which search yielded certain contraband which defendant now seeks to have suppressed from his trial on charges that he violated Pennsylvania's Controlled Substances Act.

For the following reasons, we agree with the defendant's assertions as to the illegality of the search conducted, and we grant the defendant's motion.

The facts of this matter are not in dispute. On November 7, 1991, at approximately 9 a.m., the defendant, a guest of William Shoener, was resting on a couch in the Shoener residence. Federal law enforcement officials arrived and, pursuant to a search warrant, entered the premises. The police patted down the defendant and, upon finding his wallet, removed the same from the defendant's person and opened it, whereupon they discovered a packet which, subsequent chemical testing indicated, contained LSD, an illegal substance. In addition, the police removed a jacket, identified at the time as belonging to the defendant, which was found hanging on a coat hook in the residence. A search of that jacket produced a quantity of methamphetamine hydrochloride concealed inside a cigarette pack.

The defendant now argues in support of his motion for suppression that the police were without authority to search his person other than to conduct a pat-down search for weapons. He asserts that he was not named in the warrant or in any accompanying documentation or affidavits. Moreover, he asserts, there were no grounds, either pursuant to the warrant or from the totality of the surrounding circumstances to justify the seizure of items found in his wallet and jacket. He, therefore, requests this court to suppress the evidence seized on November 7, 1991.

The law in Pennsylvania is clear. A self-protective search of a suspect by an officer is justified only when a reasonably prudent man under the circumstances would be warranted in the belief that his safety or that of others is in danger. *Commonwealth v. Reece,* 437 Pa. 422, 263 A.2d 463 (1970).

We note initially that there is nothing in the record to suggest that the defendant was (1) a suspect or (2) a threat to the safety of the officers executing the warrant.

Assuming arguendo, however, that justification did exist for the type of search authorized by the court in *Commonwealth v. Reece, supra,* we find that the actual search conducted in the instant matter extended beyond the scope of a "self-protective search" during which, presumably, an officer would look for and confiscate any weapons which might be used against the police.

In the case at bar, the police found defendant's wallet upon his person; they removed it and proceeded to open it and search through the contents. The time at which they could reasonably identify the item in defendant's

pocket as a wallet and not as a weapon was the point at which the search should have ceased.

Nor can the Commonwealth justify the search of defendant's jacket under this theory where the jacket was found hanging on a hook beyond the defendant's immediate control and ability to use the contents in a harmful way.

Furthermore, the actions of the officers fail to come under any exception to the Fourth Amendment's prohibition of warrantless searches of the personal property belonging to visitors in another's home.

As noted by the Supreme Court of Pennsylvania, "A person does not lose the protection of the Fourth Amendment by entering the apartment of another." *Commonwealth v. Patou,* 455 Pa. 258, 312 A.2d 29 (1973), overruled on other grounds, *Commonwealth v. Reese,* 520 Pa. 29, 549 A.2d 909 (1988). The ability and authority of the police to conduct warrantless searches of the personal effects of a guest are indeed restricted. *Commonwealth v. Reese, supra.*

First, it must be noted that the rule pertaining to a warrantless search of a guest's personal property specifically excludes that property found on the person. *Id.* Thus, in the case at bar, the search of the defendant's wallet cannot be justified under this theory.

Second, it has been held that police may only conduct a search of a guest's personal property located on the premises in which a search warrant is being executed when (1) the property is part of the general content of the premises and (2) it is a plausible repository for the object of the search. *Id.*

In the case at bar, the defendant's jacket was clearly identified as belonging to the defendant and not to the owner of the home being searched pursuant to the warrant. Thus, it could not have been viewed as part of the home's general contents.

Furthermore, unlike the defendant in the *Commonwealth v. Reese, supra,* the defendant herein was not named in the affidavit supporting the warrant as a possible substance abuser or participant in the other illegal activities being tracked. There was, therefore, no reason for the police to regard defendant's jacket as a "plausible repository" for drugs. Any argument suggesting that the police's action in seizing the jacket were justified based upon the results of the search of defendant and his wallet, above held to have been illegal, is untenable and would be summarily rejected by this court.

Based upon the foregoing, we grant the defendant's motion and order that the evidence seized from the defendant on November 7, 1991, at the residence of William Shoener be suppressed.

## ORDER

And now, October 30, 1992, defendant's omnibus motion is granted and the evidence seized is suppressed.