774 A.2d 735

### COMMONWEALTH of Pennsylvania, Appellee,

v.

### Cynthia EFAW, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 18, 2000.

Decided June 20, 2001.

Zappala, J., concurred in the result.

Nigro, J., dissented and filed opinion.

Mel D. Kardos, Newtown, for Cynthia Efaw.

David William Zellis, Chalfont, Diane E. Gibbons, Doylestown, and Stephen B. Harris, Warrington, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

Appellant Cynthia Efaw (Appellant) appeals from the Superior Court's Order, which reversed the denial by the Court of Common Pleas of Bucks County (trial court) of the Motion in Limine, filed by the Commonwealth, to admit certain evidence compiled by the State Farm Insurance Company (State Farm) pursuant to an arson investigation. Appellant asks this Court to determine whether the Arson Reporting Immunity Act

(ARIA)[1] permits the Commonwealth to compel an insurance company to disclose information it received or developed pursuant to its private investigation absent disclosure to the insured, and without the insured's specific waiver of her reasonable expectation of privacy or confidentiality. We affirm the decision of the Superior Court for the following reasons.

## FACTUAL AND PROCEDURAL HISTORY

A fire occurred on December 23, 1995 at a home owned by Appellant and her husband. At the time of the fire, the daughter of Appellant was renting the home. State Farm carried the homeowner insurance policy of Appellant and her daughter's renter's insurance policy. State Farm investigator John Christmas (Christmas) and others examined the property, took photographs, and interviewed Appellant. Fire Marshall Edward Copper (Fire Marshall Copper) of Bristol Township also investigated the fire. Christmas' report, and a subsequent report by Fire Marshall Copper, concluded that the ignition of combustible materials placed on the electric burner of the kitchen stove caused the fire. State Farm denied claims by Appellant and her daughter for payment under their respective insurance policies. On January 2, 1998, Fire Marshall Copper requested the information gathered by State Farm during its arson investigation. He made the request, authorized by the ARIA, which provides in relevant part:

(a) Fire loss information.—Any authorized agency may, in writing, require an insurance company at interest to release to the requesting authorized agency any or all relevant information or evidence deemed important to the authorized agency which the insurance company may have in its possession relating to a fire loss under investigation by the authorized agency. Relevant information may include, without limitation herein:

(5) material relating to the investigation of the loss, including statements of any person, proof of loss, and any other

1. Act of July 2, 1980, P.L. 340, as amended, 40 P.S. §§ 1610.1–1610.8.

information relevant to the investigation by the authorized agency.

40 P.S. § 1610.3(a). In response, State Farm supplied the Commonwealth with photographs, statements and other information it compiled during the arson investigation. On August 14, 1996, a Bucks County Investigating Grand Jury issued a subpoena to State Farm requiring the production of all documents relating to the arson investigation. State Farm complied with the subpoena.

The Grand Jury charged Appellant with arson,[2] recklessly endangering another person,[3] and insurance fraud.[4] Appellant filed a motion to suppress the documents submitted by State Farm on the grounds that State Farm obtained the information while it was acting as an agent of the Commonwealth or was engaged in a relationship with Commonwealth investigators that was so close that it effectively served as a Commonwealth agent. The trial court found that no such relationship existed and denied Appellant's motion to suppress. While denying Appellant's motion, the trial court indicated that portions of the information State Farm provided to the Commonwealth might be excluded on evidentiary grounds at trial.

The Commonwealth responded by making an oral motion in limine for the admission of all evidence gathered by State Farm during its arson investigation. The trial court denied this motion, indicating that Appellant possessed a reasonable expectation of privacy in the information conveyed to her insurance company and that the Commonwealth "cannot now use [State Farm] as a vehicle to obtain evidence in the absence of an effective waiver" pursuant to *Commonwealth v. Ball,* 523 Pa. 216, 565 A.2d 1143 (1990). Trial Ct. Op., 10/13/98, at 9 (R.R. 20a). The Commonwealth appealed to the Superior Court.

In a published Opinion, the Superior Court reversed the order of the trial court. It refused to require an insurance

2. 18 Pa.C.S.A. § 3301.

3. 18 Pa.C.S.A. § 2705.

4. 18 Pa.C.S.A. § 4117.

company to notify its insured prior to releasing information relating to an arson investigation or to require a waiver of confidentiality when neither of these requirements appears within the express terms of the ARIA. We agree. The ARIA does not require notification to Appellant prior to furnishing information to the Commonwealth pursuant to an ARIA request. Appellant and the trial court improperly rely on *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979), and *Commonwealth v. Ball*, 523 Pa. 216, 565 A.2d 1143 (1990), in support of their arguments. It is not reasonable for an insured to have any expectation of privacy in the information obtained pursuant to an arson investigation.

## DISCUSSION

Appellant and the trial court seek to include a requirement within the ARIA that is noticeably absent from the text of the statute. The trial court denied the Commonwealth's oral motion in limine for the admission of all evidence gathered by State Farm during its arson investigation because State Farm never informed Appellant that the Commonwealth was invoking the ARIA. "Without such disclosure to [Appellant], and without her specific waiver of any rights to confidentiality she may have pursuant to her contractual relationship with State Farm, we could not permit the Commonwealth to circumvent" Appellant's constitutional protections. Trial Ct. Op., 10/13/98, at 11 (R.R. 22a). The ARIA does not contain a notice provision that places such a burden upon the Commonwealth.

Section 1610.3(c) of the ARIA, "Notification to policyholder", requires an insurance company to "send written notice not sooner than 45 nor more than 60 days from the time the information is furnished to an authorized agency." Thus, notification is only required after the requested information has been released. Contrary to Appellant's contention, the ARIA does not contain language that requires State Farm to notify its insured before it submits information to an authorized agency. In the instant case, the Commonwealth submitted its request to State Farm pursuant to the ARIA on

January 2, 1998. According to the statute, Appellant had no right to be notified prior to February 16, 1998.

Appellant asserts that the Commonwealth and State Farm violated the ARIA by failing to provide written notice that the Commonwealth obtained information from State Farm within forty-five (45) to sixty (60) days after it exchanged information. As a result, Appellant contends that all evidence submitted by State Farm must be excluded.

The record supports Appellant's assertion that she did not receive notice within the forty-five (45) to sixty (60) day window provided by statute. However, under the ARIA, an insurance company's failure to notify its insured that it has submitted materials to the Commonwealth does not grant Appellant the remedy she seeks. The language of the statute does not expressly provide any remedy to Appellant for failure to receive notice. Section 1610.6 imposes criminal liability upon any person who violates provisions of the ARIA.[5] Specifically exempted from liability are those individuals who violate sections 3(c)(1) and (2), the sections addressing notification to the insured. Further, Appellant does not offer any legislative history to outline the General Assembly's intent. Upon review, we find that the legislative history provides no direction as to this issue. This Court declines to impose a remedy that is neither expressly nor impliedly contained within the ARIA.

Appellant contends, and the trial court agreed, that the Commonwealth circumvented her reasonable expectation of privacy or confidentiality in statements made and materials submitted to State Farm, due to her lack of waiver of such rights. Appellant bases her claim on Article One, Section Eight of the Pennsylvania Constitution, which states, "[t]he people shall be secure in their persons, houses, papers and

5. 40 P.S. § 1610.6 states:

(a) Disclosure of Information.—Any person who shall fail or refuse to release any information required to be released under this act or who discloses information required to be held in confidence, or who otherwise violates any provision of this act (except section 3(c)(1) and (2)) shall, upon conviction thereof, be guilty of a misdemeanor of the third degree.

possessions from unreasonable searches and seizures." Such protection extends to those zones where one has a reasonable expectation of privacy. In support, Appellant and the trial court rely on *Commonwealth v. DeJohn*, supra, for the proposition that the Pennsylvania Constitution, Article One, Section Eight, affords citizens greater protection than the federal Constitution where one has a reasonable expectation of privacy,[6] and "so long as a person seeks to preserve his effects as private, even if they are accessible to ... others, they are constitutionally protected." 403 A.2d at 1289 (citing *Commonwealth v. Platou*, 455 Pa. 258, 312 A.2d 29, 34 (1973)). According to the trial court's fallacious interpretation, our holding in *DeJohn* can be extended to the instant case, and Appellant has a reasonable expectation of privacy in the information she conveyed to State Farm in pursuit of her settlement claim for damages resulting from the fire.

In *DeJohn*, we determined that a bank customer has a reasonable expectation of privacy in financial records maintained by the bank. One of our concerns in *DeJohn* was that bank customers supply personal information to a bank under a reasonable assumption that the information will remain confidential. *Id.* at 1290. In the instant case, Appellant was aware that the information sought was compiled as part of an ongoing investigation to determine the cause and origin of the fire. If the information compiled by investigators leads to the conclusion that a fire was sparked by an insured's criminal act, we cannot say that it is proper for the insured to adopt a

6. Generally, this proposition as stated by the trial court and Appellant, is incorrect. Article One, Section Eight and the Fourth Amendment share similar language and contain the same basic tenets of probable cause and reasonable expectations of privacy. Article One, Section Eight differs from its federal counterpart in that the former "is meant to embody a strong notion of privacy, carefully safeguarded in this Commonwealth for the past two centuries." *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887, 897 (1991). Thus, pursuant to Article One, Section Eight, this Court has recognized a reasonable expectation of privacy in certain conduct or activities where our federal brethren have declined to do so. *See Commonwealth v. Johnston*, 515 Pa. 454, 530 A.2d 74 (1987) (rejecting federal determination that a drug sniff was not a "search" and requiring articulable reasonable suspicion before a drug sniff of property).

reasonable assumption that such information will not be submitted to and used by law enforcement officials.

In addition, the nature of the relationship between a bank and its customer can be far different than the relationship between an insurance company and its insured. When an insured files a claim for a loss, the insured seeks compensation for that loss, and the insurance company investigates the incident that caused the loss. That investigation may reveal information that allows the insurance company to deny the insured's claim. This adversarial relationship is exceedingly antagonistic in a case such as this one where the incident that caused the loss was a fire, and the suspected cause is arson. As part of such an adversarial relationship, the insured cannot reasonably believe that the information compiled by investigators would remain confidential. This relationship is appreciably different from that of a bank and its customer where the records obtained were compiled and maintained in the ordinary course of business. As a result, we are not prepared to extend *DeJohn* to the present case. Appellant's belief that evidence of arson would not be submitted to, and used by law enforcement officials, was not a reasonable one. Further, the ARIA clearly provides for the release of such information to law enforcement agencies.

Appellant argues that this Court has previously concluded that an insured has a reasonable expectation of privacy or confidentiality in any statements or records that she submits in pursuit of a claim, and that an insured must waive such rights before her statements may be divulged to an authorized agency. Appellant contends, and the trial court affirmed, that we reached such a conclusion in *Commonwealth v. Ball*, supra. In *Ball*, an attorney for the defendant's insurance company affirmatively warned the defendants that any disclosures made to their insurance company while conducting its arson investigation could be divulged to government investigators. In the case before us, the trial court cited *Ball* and stated that the record is void of any indication that Appellant waived her reasonable expectation of privacy or confidentiality in making statements to State Farm.

We did not hold in *Ball* that an insured has a reasonable expectation of privacy or confidentiality in statements made to an insurance company during its investigation of a fire. Rather, this Court determined that the defendants "waived whatever confidentiality they possessed" in their statements to their insurance company. *Ball*, 565 A.2d at 1146. We decline this opportunity to recognize a reasonable expectation of privacy in such statements.

## CONCLUSION

We affirm the Order of the Superior Court reversing the trial court's denial of the Commonwealth's motion in limine for the admission of statements made by an insured to her insurance company pursuant to an arson investigation and given to the Commonwealth pursuant to the ARIA. We find the ARIA void of language that would require State Farm to notify Appellant before submitting any requested materials to the Commonwealth. We further find that Appellant did not have any expectation of privacy or confidentiality in her statements to State Farm.

Justice ZAPPALA concurs in the result.

Justice NIGRO files a dissenting opinion.

NIGRO, Justice, dissenting.

I respectfully dissent. Unlike the majority, I would reverse the Superior Court's decision and reinstate the trial court's order denying the Commonwealth's motion to admit the information Appellant provided to State Farm once the Commonwealth invoked its right to receive that information under ARIA.

In my view, an insured clearly has a reasonable expectation of privacy in information provided to an insurance company. *See, e.g., Commonwealth v. DeJohn*, 486 Pa. 32, 45–49, 403 A.2d 1283, 1289–92 (1979) (depositor has reasonable expectation that the information in his bank records will remain

confidential).[1] I also believe that under ARIA an insurance company acts as an agent of the Commonwealth because ARIA specifically requires insurance companies to notify the Commonwealth of suspected arson and disclose to the Commonwealth, at the Commonwealth's request, any information that an insured has provided to the company. *See* 40 P.S. § 1610.3. Given these obligations under ARIA, I would find that in order to adequately protect an insured's Fifth Amendment privilege against self-incrimination, once an insurance company suspects that an insured has committed arson, the insurance company must notify the insured that any information he or she provides to the company may be turned over to the Commonwealth. This notification should be required regardless of whether or not the Commonwealth has requested the insured's information pursuant to ARIA.[2]

In the instant case, the trial court found that on December 29, 1995, Fire Marshal Copper contacted State Farm regarding the disclosure of Appellant's insurance information pursuant to ARIA and subsequently made arrangements with State Farm to investigate Appellant's home. At this time, State Farm was aware that the fire may have been the result of arson and was also aware of its responsibilities to provide Appellant's information to the Commonwealth. I believe that

1. I disagree with the majority that the relationship between an insurance company and an insured is clearly distinct from that between a bank and a depositor. Indeed, the view of the majority endorses the idea that the relationship between the insurance company and an insured must always be adversarial. Although the relationship between the insurance company and an insured may often become adversarial, the relationship between a bank and a depositor likewise may turn adversarial.

2. I do not believe, however, that an insurance company has to provide notice to the insured before giving the Commonwealth information that the insured has already voluntarily provided to the insurance company. I would find that notification is needed once the insurance company suspects arson because at that point, ARIA mandates that the company notify the Commonwealth of its suspicion and disclose information given by the insured upon the Commonwealth's request. *See* 40 P.S. § 1610.3(b). Thus, in order to assure that the insured thereafter knowingly and voluntarily waives her Fifth Amendment rights, the insurance company should be required to notify the insured of its duties to the Commonwealth under ARIA.

on January 3, 1996, before asking Appellant for her consent to take evidence from her home and to investigate her credit history, State F₂. ᵃ ₁ should have notified Appellant that any information derived from those actions would be disclosed to the Commonwealth. In light of the fact that Appellant was not warned that the information she provided to State Farm would be turned over to the Commonwealth, I agree with the trial court that Appellant did not knowingly waive her Fifth Amendment rights and therefore, the Commonwealth should be precluded from using this information or anything derived from the information. Given that the majority finds otherwise, I must respectfully dissent.