McMILLAN, Presiding Judge.
On March 22, 2002, appellee Charles Garrison was indicted on charges of trafficking in marijuana and possession of drug paraphernalia. On April 4, 2002, he filed a motion to suppress evidence seized as a result of a search, contending that there had been a lack of probable cause for the issuance of the search warrant because, he says, the supporting affidavit was not worthy of belief. On September 12, 2002, he filed an amended motion to suppress, contending that the search warrant was faulty because the confidential informant could not have been in his home 24 hours before the search and because the confidential informant did not identify him and named another individual. On January 28, 2004, after several continuances, the trial court conducted a hearing on Garrison’s motions. On November 17, 2004, the court issued an order granting the motions and suppressing the evidence. The district attorney filed notice of appeal.
At the suppression hearing, Investigator Jim McAbee testified that in June 2001, a *467 confidential informant told him that marijuana was being sold from a residence occupied by Wayne Calhoun. The informant took McAbee by the residence, which was located at 2619 County Road 305 in Moulton, and pointed it out to him. McA-bee subsequently met the informant a couple of miles from the residence and gave him $150 to purchase marijuana. The informant returned approximately 30 minutes later with a quantity of marijuana he said he had bought at the residence from Wayne Calhoun.[1] McAbee obtained a search warrant for the residence, and he and other officers executed the warrant at approximately 1:45 p.m. on June 22, 2001. They found drug paraphernalia and a large amount of marijuana in the kitchen and in a bedroom. Garrison and his 15-year-old stepson, Anthony Chadrick Fike, were the only persons present at the residence at the time of the search. McAbee testified that Garrison “claimed” the marijuana that the officers found. The State did not contest Garrison’s claim that 2619 County Road 305 was his residence.
McAbee’s affidavit stated, in pertinent part:
“My name is Jim McAbee, I am employed with the Lawrence County, Alabama Drug Task Force, and ... a part of my duties are [sic] to work drug enforcement.
“On June 20, 2001, Your Affiant received information from a Confidential and Reliable Informant that told your Affiant that Wayne Calhoun has a large quantity of marihuana inside of his residence, located at 2619 County Road 305, Moulton, Alabama. This Informant met with your Affiant in a designated meeting place and your Affiant gave this Confidential Informant a sum of money and instructed the same Informant to go to the residence of Wayne Calhoun and purchase a quantity of marihuana from Wayne Calhoun. The Informant returned to your Affiant with a quantity of marihuana and said he purchased the marihuana from Wayne Calhoun. This Informant was inside of the residence within 24 hours of this Af[f]idavit. This same informant has given your Affiant other information in the past that has been found to be true and reliable.”
In its order suppressing the evidence, the trial court held that the affidavit was defective for the following reasons: (1) It did not identify the alleged seller with “reasonable certainty” or contain a physical description, an alias, or other facts sufficient to satisfy § 15 — 5—3, Ala.Code 1975; (2) the reliability of information provided by an informant who did not ascertain the correct name of the occupant of the residence and the alleged seller was questionable; (3) the purchase money was unmarked and the informant was out of the officer’s sight and sound for half an hour; and the testimony failed to establish a “nexus” between Garrison and the illegal activity precipitating the search.
The State contends that the trial court erred in granting Garrison’s motion to suppress because, it argues, the court erroneously focused on the misidentification of the defendant, rather than on the proper identification of the property actually searched. The State argues that even though the property owner was not correctly identified in the affidavit, the property itself was identified with “sufficient particularity” to enable an officer executing the warrant to “locate and identify the premises with reasonable effort,” as required by Roberson v. State, 864 So.2d 379, 387 (Ala.Crim.App.2002). The State ar-
*468 gues that the trial court should not have relied on Clark v. State, 527 So.2d 161 (Ala.Crim.App.1987), as authority for its ruling because the affidavit in that case, which referred to the defendant only as “Herman and/or Houdini,” was held sufficient to support a search warrant for the listed address even though it was insufficient to support a warrant for a search of the defendant’s person.
Section 15-5-3, Ala.Code 1975, provides that “[a] search warrant can only be issued on probable cause, supported by an affidavit naming or describing the person and particularly describing the property and the place to be searched.” While it is preferable for a search warrant to contain the name of the owner or occupier of the premises to be searched, there is no constitutional requirement that it do so. Cabble v. State, 347 So.2d 546 (Ala.Crim.App.1977). An affidavit must state specific facts or circumstances that support a finding of probable cause, or the affidavit is faulty and a warrant may not issue. Alford v. State, 381 So.2d 203 (Ala.Crim.App.1980).
It appears that the only evidence Investigator McAbee presented to the issuing judge was the information contained in the affidavit itself. However, that information was sufficient to support the issuing judge’s finding of probable cause.
“The task of the issuing magistrate [or judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate [or judge] had a ‘substantial basis for ... concluding]’ that probable cause existed.”
Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
In his affidavit, Investigator McAbee stated that the informant had supplied true and reliable information in the past. This attestation was sufficient to establish the informant’s reliability and veracity. Neugent v. State, 340 So.2d 52 (Ala.1976). The informant told Investigator McAbee that Wayne Calhoun had a large quantity of marijuana inside a particular residence on an unspecified date; that the informant had been inside that residence within 24 hours; and that he had purchased marijuana from Wayne Calhoun at that residence on June 20, 2001. This information was corroborated by the fact that the informant turned over to Investigator McAbee the marijuana he claimed he had bought from Calhoun. Under the totality of the circumstances, the issuing judge had a sufficient basis for concluding that, at the time he issued the warrant, probable cause existed for a search of the residence.
This court has adopted the standard set out in United States v. Thomas, 489 F.2d 664 (5th Cir.1973), for evaluating whether evidence based upon an affidavit alleged to contain misrepresentations should be suppressed. “Evidence should be suppressed when there is either: ‘(1) An intentional misstatement by an affiant-agent, whether material or immaterial to showing probable cause; or (2) a negligent or unreasonable assertion in an affidavit, if material to showing probable cause but not where (3) the mistake is innocent, even if material to probable cause.’ ” Reese v. State, 456 So.2d 341, 351 (Ala.Crim.App.1982).
The error in the present case was material, but it also clearly was innocent. Therefore, the evidence should not have *469 been suppressed because of McAbee’s inadvertent misrepresentation regarding the name of the suspect. The trial court’s order is due to be reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. The transcript of the suppression hearing reflects that the defense counsel erroneously referred to the alleged seller as "Charles” Calhoun.