## Commonwealth, Appellant, *v.* Storck.

Argued January 7, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

reargument refused April 13, 1971.

*Stephen B. Harris*, Assistant District Attorney, with him *Ward F. Clark*, District Attorney, for Commonwealth, appellant.

*Harold B. Vikoren*, with him *Alan D. Williams*, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 18, 1971:

Ronald Eugene Storck was taken into police custody in Honolulu, Hawaii, and then extradited to Pennsylvania to face criminal charges pending in Bucks County, Pennsylvania. Police officers were subsequently sent to Honolulu to investigate Storck's activities during his stay in that area, and while there interviewed a Frank Carreira, who at the time was living on a sixty-five foot power boat. Carreira told the officers, that before his arrest Storck had manifested an intention to purchase the Carreira boat, and before leaving for New York purportedly to obtain the necessary money, had "stored" in a room on the boat a quantity of items, including two suit cases, three or four

boxes and a duffel bag. Two days later, the officers returned to the boat without a search warrant and, after telling Carreira that they had "a right to these items" were "allowed" by Carreira to take possession of the suit cases, boxes and duffel bag. Later, upon opening these items the police discovered enclosed therein a series of articles which the Commonwealth planned to use against Storck in the prosecution of the criminal charges pending against him in Bucks County. A timely pretrial motion to suppress this evidence was filed, and after a hearing the court below granted the motion. The Commonwealth filed this appeal. We affirm.

There is no claim that probable cause existed to warrant a seizure of the suppressed evidence, but the Commonwealth contends that the evidentiary use thereof is constitutionally permissible because the constitutional protection against an unreasonable search and seizure was waived. The burden of proving such a waiver rests upon the asserting party. *Bumper v. North Carolina,* 391 U.S. 543, 88 S. Ct. 1788 (1968).

The Commonwealth first asserts that such a waiver was established through the testimony of Carreira that he gave permission to the police to take possession of the suit cases, boxes and duffel bag. For the purpose of this opinion, it is unnecessary to decide whether this permission was validly obtained or was binding on Storck as far as the containers themselves are concerned. But see, *Frazier v. Cupp,* 394 U.S. 731, 89 S. Ct. 1420 (1969), and *U.S. ex rel. Cabey v. Mazurkiewicz,* 431 F. 2d 839 (3d Cir. 1970). See also, 70 Dick. L. Rev. 510 (1966) and 36 Temple Law Quarterly 95 (1962). What we must decide is, assuming Carreira also gave a valid permission or consent to the police to open these containers and seize the articles enclosed therein, did this bind Storck. We conclude not.

The suit cases, boxes and duffel bag were merely "stored" on Carreira's boat. His possession was for a limited purpose, and somewhat akin to that of a bank which rents boxes in its safety box vault for the "storage" of its customers' valuables. Carreira had no authority to open the containers or to use them for his own purposes such as in *Frazier v. Cupp*, supra, nor do the facts establish that Storck relinquished or abandoned his ownership or control in and over the articles stored. Hence, the contention of the Commonwealth that Carreira enjoyed an independent right of his own to consent to the seizure cannot be sustained. Cf. *Stoner v. California*, 376 U.S. 483, 84 S. Ct. 889 (1964); *Chapman v. United States*, 365 U.S. 610, 81 S. Ct. 776 (1961); *Jones v. United States*, 362 U.S. 257, 80 S. Ct. 725 (1960); *United States v. Poole*, 307 F. Supp. 1185 (E.D. La. 1969); *United States v. Brown*, 300 F. Supp. 1285 (D. N.H. 1969); and, *People v. Egan*, 250 Cal. App. 2d 433, 58 Cal. Reporter 627 (1967).

Here, Carreira, like the landlord in *Chapman*, supra, and the hotel clerk in *Stoner*, supra, could not effectively waive Storck's constitutional right to be secure in his "personal effects," as secured by the Fourth Amendment.

Finally, the Commonwealth contends that a waiver existed, because Storck's personal attorney in Honolulu, John Ahrens, Esq., gave Carreira permission by phone to deliver the suit cases, boxes and duffel bag to the police. The lower court found as a fact, based on competent and credible evidence, that this phone conversation did not take place until after Carreira had already given the police possession, and, therefore, the permission given by Ahrens is of little moment in resolving the pivotal issue of Carreira's right to waive Storck's constitutional protection.

Also, under the circumstances, we need not reach the question of whether or not an attorney may pre-trial and without consultation waive a protection given his client by the Constitution.

Order affirmed.