371 A.2d 890
**COMMONWEALTH of Pennsylvania**
v.
**Kenneth PAGE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided March 31, 1977.

Kenneth D. Brown, Assistant Public Defender, Williamsport, for appellant.

382

Allen E. Ertel, District Attorney, Williamsport, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lycoming County, Criminal Division, by the defendant-appellant, Kenneth Page, after conviction of possession of an unregistered firearm, corruption of minors and other offenses; and from the denial of post-trial motions. The principal issue raised in this appeal is that the court below erred in denying his request for a pre-trial suppression hearing.

Appellant was represented by the Public Defender from August 9, 1974, and on March 7, 1975, his case was assigned to another public defender on the same staff. On March 14, 1975, appellant's new attorney made application for a pre-trial suppression hearing which was denied by the court below as trial was scheduled for March 17, 1975.

We find that the motion for the suppression hearing was properly denied under Pa.R.Crim.P. 323(b), which provides: "Unless the opportunity did not previously exist, or the interests of justice otherwise require, such application [to suppress evidence] shall be made only after a case has been returned to court and not later than ten days before the beginning of the trial session in which the case is listed for trial . . . " It is undisputed that the motion for the suppression hearing was not timely made. Our discussion is limited to a consideration of whether the opportunity for filing the motion did not previously exist, or the interests of justice requires the grant of the suppression hearing.

The appellant was represented by counsel continuously from August 9, 1974 to the date of trial. Al-

though he was in Farview State Hospital from November, 1974, to February 3, 1975, he had sufficient opportunity, through his counsel, to timely file the motion for a suppression hearing. It is significant that the subject matter of the motion was a suitcase which belonged to appellant, in which stolen coins and other goods were allegedly placed. Appellant was obviously aware of the existence of the subject matter he desired suppressed long before the time for filing the motion had elapsed.

██ ██ Finally, appellant contends that the "interest of justice" requires that he be granted a suppression hearing. We find that this argument is without merit. A court has discretion in granting a motion for a suppression hearing where requested in the interests of justice. *Commonwealth v. Pinno*, 433 Pa. 1, 248 A.2d 26 (1968). Justice does not compel that granting of the motion in this case. Appellant was represented by a public defender for almost seven months when the case was turned over to another defender on the same staff shortly before trial was scheduled. No reason is given why the case was assigned to a new lawyer at this late stage in the proceeding. The court below properly observed that "[T]he orderly administration of justice would be ill-served if we interpreted Rule 323 to be so flexible as to permit an exception whenever a defendant obtained a new attorney, and this is especially so where that attorney is a member of the same staff as the defendant's original attorney . . . "

Order affirmed.

SPAETH, J., files a dissenting opinion in which HOFFMAN and CERCONE, JJ., join.

SPAETH, Judge, dissenting:

Since it is undisputed that the motion to suppress was not filed in time, the lower court did not have to hear it "[u]nless the opportunity [to file it] did not previously exist, or the interests of justice . . . require[d] [a

hearing] . . . ." Pa.R.Crim.P. 323(b). The point that should be emphasized is that the rule is in the disjunctive, so that it is necessary to make two separate inquiries. The answer either to the inquiry about opportunity to file or to the inquiry about the interests of justice may be a sufficient basis for the exercise of a lower court's discretion in allowing the motion to be filed late. *Commonwealth v. Pinno*, 433 Pa. 1, 248 A.2d 26 (1968); *Commonwealth v. Williams*, 229 Pa.Super. 390, 323 A.2d 862 (1974).

The lower court and the majority of this court apparently fail to recognize this point. Thus the opinion of the lower court states that appellant's confinement at Farview and Rockview and the change of attorneys did not alter the opportunity to file the motion and therefore "[t]hese circumstances do not indicate that the interests of justice would require that the application be considered even though it was admittedly untimely filed." Lower court opinion at 2. The opinion of the majority of this court does refer to "the interests of justice" but then defines those interests purely in terms of whether "the opportunity [to file] did not previously exist."

## 1

Appellant posted bail on June 25, 1974, and at his preliminary hearing in August his attorney, an Assistant Public Defender, waived the reading of the complaint and appellant pleaded not guilty. Appellant's attorney also waived the October arraignment, and in November appellant was sent to Farview, where he was confined until February 1975, when he was moved to Rockview. About March 7, 1975, appellant was moved from Rockview to Lycoming County to await trial. His case was then re-assigned to a second Assistant Public Defender. This second Defender had in fact represented appellant at his preliminary hearing, although as a substitute for the Defender assigned to the case; however, since the reading of the complaint was waived; the preliminary

hearing could not have aided him very much in preparation of the case. On March 14, a week after his re-assignment to the case, and three days before trial, he filed the motion to suppress.

It may be said that the second Defender was not dilatory. Even so, it may not be said that "the opportunity [to file the motion] did not previously exist." Pa.R. Crim.P. 323(b). There is no reason why Assistant Public Defenders should not be treated, in regard to internal re-assignments, as members of the same firm. *See Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976); *and see* my dissenting opinion in *Commonwealth v. Westbrook*, 245 Pa.Super. 174, 369 A.2d 350 (1976). Here the Defender's office had ample opportunity to file the motion.

### 2

In order to determine what "the interests of justice . . . require," it is necessary to examine all of the circumstances. The question is not simply whether it would have been possible to raise the issue earlier—the first inquiry about opportunity to file will have answered this question—but rather whether, despite the delay in filing, a balancing of all of the equities leads to the conclusion that the motion should be heard. The factors to be considered should include the length and cause of the delay, the merits of the suppression claim, and the court's ability, considering the complexity of the issues and the availability of the witnesses, to hold the hearing promptly. Thus, the Note to Rule 2001(b), which Rule 323 replaces, stated:

> The purpose is to prevent the rule from being used by a delaying defendant who wishes to escape trial or to secure a continuance. . . . It should also be noted that the court has discretion to entertain the petition within the prohibited time if the justice of the occasion demands it.

Rule 2001(b) suspended by Rule 323, effective February 3, 1969.

The length and cause of the delay have already been indicated, in discussing whether the opportunity to file the motion existed. The length of the delay was considerable: from appellant's preliminary hearing in August, 1975, until just before his trial in March, 1976. The cause of the delay was the re-assignment of the case from one Defender to another. Given the re-assignment, as a practical matter the second Defender could not have filed the motion before Monday, March 10—too late to comply with Rule 323; he did file it on Friday, March 14.[1] There is no suggestion that either the failure of the first Defender to file the motion in time or the re-assignment to the second Defender represented an attempt to avoid or postpone the trial. Nevertheless, so far the balance of equities is in the Commonwealth's favor.

However, the balance tips sharply in appellant's favor when the merits of the motion are considered. This factor also tends to counter any suggestion that might be made that the delay arose from an attempt to avoid or postpone trial. *See Commonwealth v. Williams, supra,* 229 Pa.Super. at 398, 323 A.2d at 865.[2]

Appellant's claim was that the suitcase, containing various items introduced at trial, was seized in violation of his Fourth Amendment rights. Appellant had taken the suitcase to a Mrs. Marshall for temporary safekeeping, and it was she who consented to its seizure when the police arrived at her house without a warrant. As stated in *Commonwealth v. Platou,* 455 Pa. 258, 262, 312 A.2d 29, 32 (1973):

. . . consent searches have been invalidated because the place or thing searched was in the exclusive

1. Evidently the motion was filed with the court administrator. The Commonwealth states that it did not receive the motion until Monday, March 17.
2. *See also Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), for an extensive discussion of *Williams* and the importance of an "apparently meritorious claim" in deciding whether to hear a late motion to suppress.

control or possession of a nonconsenting party, and the consenting party did not have "an independent right of his own to consent to the seizure . . . ." *Commonwealth v. Stor[c]k,* 442 Pa. 197, 200, 275 A.2d 362, 364 (1971); *see Cunningham v. Heinze,* 352 F.2d 1, 4–5 (9th Cir. 1965), cert. denied, 383 U.S. 968, 86 S. Ct. 1274, 16 L.Ed.2d 309 (1966); *Reeves v. Warden,* 346 F.2d 915 (4th Cir. 1965); *Holzhey v. United States,* 223 F.2d 823 (5th Cir. 1955); *United States v. Blok,* 88 U.S.App.D.C. 326, 188 F.2d 1019 (1951); *United States v. Poole,* 307 F.Supp. 1185 (E.D.La. 1969); cf. *Frazier v. Cupp,* 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969). . . . The reasoning of these "consent" search cases is that a person cannot waive the Fourth Amendment rights of another with respect to property owned or possessed by that other person.

Items "stored" with another are in the custodian's possession for a limited purpose, somewhat as when a bank rents boxes in its safe deposit box vault for the "storage" of its customers' valuables. *Commonwealth v. Storck,* 442 Pa. 197, 200, 275 A.2d 362, 364 (1971). The custodian's ability to consent turns upon evidence of his authority to open the container or to use it for his own purposes, as in *Frazier v. Cupp,* 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), or on evidence that the owner relinquished or abandoned ownership or control. Here, appellant's motion to suppress alleged that he had "stored" a suitcase "owned by him" with "a friend, Mrs. Marshall," and that she had relinquished the suitcase to the police.

Given these allegations, it appears likely that the lower court would have encountered no difficulty in hearing and disposing of the motion promptly, so that if it were denied, there would have been very little delay in starting the trial, and substantially no inconvenience to the jury or witnesses.

An example of when the very least amount of delay would occur would be where a defendant claimed that a warrant was defective on its face. Since Pa.R.Crim.P. 2003(a) provides that no evidence outside of the affidavits may be considered by the issuing authority, it would be unnecessary for the trial judge to hear any testimony. The situation here was only slightly less clear. Perhaps the parties could have agreed to a set of stipulated facts for the purpose of the hearing on the motion, but in any case it would appear that only the briefest testimony, by witnesses already present for the trial, would have been necessary. This supposition is borne out by the trial itself, in which Mrs. Marshall's uncontroverted testimony was that appellant had asked her to keep the suitcase until he moved because he did not want the neighborhood boys to steal it while he was in the process of moving. (N.T. 81) In view of the evident merits of the motion and the apparent simplicity of the factual issue, the lower court should at least have asked before it denied the motion what would be the testimony if the motion were to be heard.

When all of these factors are considered, it is clear to me that "the interests of justice" required that the motion be heard. I am unpersuaded by the majority's statement (quoting the lower court) that "the orderly administration of justice would be ill-served" had the motion been heard. Majority opinion at pg. 383. The standard set by Rule 323 is "the interests of justice", which means much more than merely "orderly administration." Frequently, if a court is to do justice it must be willing to give up a little order.

Even by the majority's standard, however, the parties should have been heard. The lower court should have recognized that by taking a little time to hear the motion, even though it was filed late, a great deal of time might be saved. If the motion were granted, the trial and subsequent appeal might well be avoided, not to mention the almost inevitable Post Conviction Hearing Act petition

alleging ineffectiveness of counsel for failure to file the motion in time. *See Commonwealth v. Hill,* 231 Pa.Super. 371, 331 A.2d 777 (1974).

I would reverse and remand for a hearing on the motion to suppress.

HOFFMAN and CERCONE, JJ., join in this opinion.