J-S34020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THOMAS RICHARD ROSS :
:
Appellant : No. 1490 WDA 2018

Appeal from the Judgment of Sentence Entered September 25, 2018
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000367-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED OCTOBER 25, 2019**

Thomas Richard Ross appeals from the judgment of sentence imposed following his convictions for, *inter alia*, fleeing or attempting to elude police officer.[1] He argues the trial court erred in excluding the evidence of his insanity, aside from his own testimony, and asks us to order that he remain free on bond pending his filing of a Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm, and deny Ross's request to remain free on bond.

On June 30, 2016, Ross was seen littering on the Pennsylvania Turnpike and was approached by police. Instead of stopping for the police, Ross fled at

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3733(a). Ross was also convicted of two counts of recklessly endangering another person, 18 Pa.C.S.A. § 2705, scattering rubbish, 18 Pa.C.S.A. § 6501(a)(1), and multiple offenses under the Motor Vehicle Code.

a high rate of speed, left the turnpike without paying the toll, re-entered the turnpike, again left the turnpike without paying the toll, and fled at a high rate of speed until he crossed into Maryland, where Maryland police eventually apprehended him.

Ross was formally arraigned on the charges in September 2016.[2] Ross was represented by public defenders until August 31, 2017, when he first obtained a private attorney. Jury selection was scheduled for July 17, 2018.

On July 9, Ross retained new counsel, who filed a motion for continuance. The motion was based in part on counsel's assertion that previous counsel had failed to file a notice of defense of insanity or notice of expert evidence of mental condition, and "the interests of justice would require *nunc pro tunc* filing thereof." Mot., 7/13/18, at ¶ 3(a). Counsel argued that the following circumstances warranted Ross's presentation of an insanity defense:

> First, the nature of [Ross's] conduct in and of itself suggests insanity or mental infirmity. Second, only hours before [Ross's] conduct occurred, a 302 (50 P.S. § 7302)[3] commitment warrant had been issued. The affidavit in support of said 302 commitment warrant presents a textbook fact pattern in support of an insanity or mental infirmity defense at trial. . . Third, upon [Ross's] arrest

---

[2] Although the trial court states in its Rule 1925(a) opinion that the arraignment occurred on September 9, 2016, the certified record contains an order rescheduling arraignment for September 14, 2016. The docket reflects the entry of the rescheduling order, but does not otherwise indicate when formal arraignment occurred. The difference between the two dates is not material to our disposition.

[3] **See** 50 P.S. § 7302 (providing for 120–hour involuntary commitment of severely mentally disabled person in need of immediate treatment).

in Maryland, [Ross] was committed for psychiatric observation. Fourth, after extradition to Pennsylvania, [Ross] was diagnosed by [C.M., M.D.] as incompetent to stand trial, and committed to Torrance State Hospital.

*Id.* The court denied the motion.

On July 16, the day before trial was scheduled to begin, Ross (through counsel) filed a Notice of Expert Evidence of Mental Condition, Notice of Defense of Insanity, and a Motion to Allow Filing of Notice[s] *Nunc Pro Tunc*. The Notice of Expert Evidence of a Mental Condition stated that Ross intended to call, as an expert witness, a forensic psychiatrist. The Notice of Defense of Insanity stated that Ross intended to call the same forensic psychiatrist, and, as a corroborating witness, Donna Caruso, the affiant on the 302 commitment warrant. Ross submitted a copy of the affidavit as a proffer of Caruso's testimony. *See* N.T., 7/24/18, at 46. According to the affidavit, in the days preceding the incident, Ross's behavior had changed drastically, and he exhibited behaviors and made statements such as that he believed he was God, saw visions, believed the government was trying to kill him, and that he was following signs from God to drive to Washington, DC. *See* Ross's Ex. 1. In the Motion to Allow Filling of Notice[s] *Nunc Pro Tunc*, Ross argued that his prior counsel was ineffective for failing to file the Notices earlier.

On the day of trial, in open court, the court denied the Motion and excluded all evidence of Ross's insanity except for Ross's own testimony. *See* N.T., 7/24/18, at 3. The court found that Ross did not file notice of the insanity defense within 30 days of his arraignment, as required by Rules of Criminal

Procedure 568(A) and 579(A),[4] but rather did so approximately 21 months later. The court also found that Ross "was unable to provide any legitimate reason for the extensive delay," and that the admission of the evidence "at such a late stage would have been unfair and prejudicial to the Commonwealth." **See** Trial Court Opinion, filed 12/13/18, at 2-3. The court noted that the Commonwealth would be prejudiced in part because the Motion was filed on the eve of trial. **See** N.T. at 3.

The court also stated that although Ross could raise the issue of insanity through his own testimony,[5] the court would not guarantee that it would charge the jury on the defense of insanity without any evidence to corroborate Ross's testimony. N.T. at 11-13, 21-22.

Ross's counsel then stated that Ross would forgo a full trial in order to expediently appeal the court's exclusion of the expert/corroborating evidence of Ross's insanity. Ross's counsel stated Ross also wanted to pursue a claim that previous counsel was ineffective for failing to file a timely notice of the insanity defense on direct appeal, rather than wait until PCRA proceedings. He

_____

[4] Rule 568 provides that a defendant shall file notice of his or her intention of offering the defense of insanity at trial by the deadline for filing an omnibus pretrial motion as provided in Rule 579, unless an exception as provided in Rule 579 applies. Pa.R.Crim.P.568(A)(1) & comment. Rule 579 provides that an omnibus pretrial motion must be filed within 30 days after arraignment, "unless opportunity therefor did not exist, or the defendant or defense attorney . . . was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Pa.R.Crim.P. 579(A).

[5] **See** Pa.R.Crim.P. 568(B)(1).

asked the court to hold a hearing to address whether Ross had been deprived of effective assistance of counsel. The court responded that it would not consider Ross's claims of ineffectiveness at that time.

Following this discussion, Ross waived his right to a jury trial and proceeded to a non-jury trial. The parties stipulated to the testimony of the Commonwealth witnesses. The court found Ross guilty and sentenced him to an aggregate term of one to seven years' incarceration. The court re-imposed bail, at $25,000, pending Ross's direct appeal. *See* Pa.R.Crim.P. 521(B)(2). Ross filed a post-sentence motion raising, among other things, the court's refusal to accept Ross's Notices *nunc pro tunc*. The court denied the post-sentence motion.

Ross raises two issues on appeal:

1. Did the Court of Common Pleas abuse its discretion in not allowing the defense of insanity to be heard[?]

2. Can prior counsel's ineffective assistance be raised on the present appeal?

Ross's Br. at 7.[6]

### I. Notice of Insanity Defense

Ross first argues that the court abused its discretion in excluding the evidence of his insanity aside from his own testimony. Ross argues that under Rule 579, the court can extend the deadline for filing notice of an insanity defense for "cause shown"; the "cause shown" exception equates to the

---

[6] The Commonwealth did not file a brief in this matter.

"interests of justice" exception of the previous version of the Rule; and the exception applies where the merits of the insanity defense were "so apparent that justice required [that] it be heard." Ross's Br. at 14 (quoting **Commonwealth v. Williams**, 323 A.2d 862, 866 (Pa.Super. 1974)). Ross argues that here, the merits of his insanity defense are apparent, because the alleged criminal behavior indicates mental instability. He also asserts that hours before he committed the instant crimes and violations, a Mental Health Procedures Act commitment warrant was issued for him, and following his arrest, he was immediately committed for psychiatric observation. He further points out that after he was extradited to Pennsylvania, a doctor diagnosed him as incompetent to stand trial and committed him to a state hospital.

Ross has waived this issue by fundamentally changing his argument on appeal. In his Motion to Allow Filing of Notice[s] *Nunc Pro Tunc*, Ross only argued the trial court should allow the untimely Notices because his previous counsel was ineffective, an argument which he does not raise on appeal. Instead, he now asserts, for the first time, that the court should have allowed the evidence because it meets one of the exceptions listed in Rule 579, *i.e.*, "cause shown," and that the apparent merit of an insanity defense satisfies "cause shown," based on the "interests of justice" language in the previous version of the Rule. Although Ross proffered the contents of his proposed evidence supporting a defense of insanity, Ross did not argue that the merits of his defense constituted "cause shown," as contemplated by Rule 579, and required the court to extend the filing deadline. Accordingly, the court's Rule

1925(a) opinion does not address the merits of the insanity defense, or whether the merits of the defense could satisfy the "cause shown" exception to the filing deadline.

As Ross's arguments before the trial court and this Court differ drastically, we conclude the issue of whether the court should have allowed the excluded evidence due to the merits of Ross's insanity defense has been waived. **See** Pa.R.A.P. 302(a) (issues may not be raised for the first time on appeal); **Commonwealth v. Truong**, 36 A.3d 592, 598 (Pa.Super. 2012) ("New legal theories cannot be raised on appeal").

Moreover, we discern no abuse of discretion in the court's exclusion of the evidence. **See Commonwealth v. Sasse**, 921 A.2d 1229, 1234, 1237 (Pa.Super. 2007) (stating evidentiary matters are reviewed under abuse of discretion standard; holding court did not err in excluding untimely expert evidence of insanity). The comment to Rule 579 explains that the concept of "cause shown" contemplates "a finding by the court that discovery has not been completed, or a bill of particulars has not been furnished, or that contested motions for discovery or for a bill of particulars are pending." Pa.R.Crim.P. 579, comment. Thus, "cause shown" is satisfied when the defendant filed the notice after the deadline due to circumstances not within the defendant's control. **See, e.g., Commonwealth v. Baez**, 21 A.3d 1280, 1282 (Pa.Super. 2011) (affirming trial court's acceptance of *nunc pro tunc* suppression motion where "cause shown" was receipt of supplemental discovery report warranting suppression motion); **Commonwealth v.**

*Borovichka*, 18 A.3d 1242, 1248 (Pa.Super. 2011) (affirming timeliness of suppression claim where defendant was made aware of basis for claim on day of suppression hearing).

Here, Ross did not argue that the delay was the result of a breakdown of court operations or new information furnished by the Commonwealth. As the trial court's 1925(a) opinion explains, Ross did not "provide any legitimate reason for the extensive delay," when requesting to file the Notices past the deadline. Tr. Ct. Op. at 2. It appears Ross was aware of the grounds for the insanity defense well before his latest attorney filed the Notices.[7] Further, the court noted that the admission of the insanity defense at such a late stage would have been prejudicial to the Commonwealth. Given this record, we discern no abuse of discretion in the court's exclusion of the evidence. *See Borovichka*, 18 A.3d at 1248 (affirming untimeliness of suppression claim where defendant presented it after deadline and did not offer reason why it was timely).

## II. Ineffective Assistance of Counsel

In his second Question Presented, Ross questions whether his previous counsel's ineffectiveness can be considered on direct appeal. However, in the corresponding argument section of his brief, Ross states that he cannot raise

---

[7] Also, although Ross does not argue the court should have accepted the untimely notice due to the change in his attorney, we note that we have previously held that this does not meet an exception for allowing an untimely pre-trial motion. *See Commonwealth v. Page*, 371 A.2d 890, 891 (Pa.Super. 1977).

the issue of his counsel's effectiveness on direct appeal because the trial court refused to consider the claim. Ross does not argue the court erred in this ruling or request we remand for consideration of prior counsel's ineffectiveness. Nor did Ross argue to the trial court any reason why the court should consider the ineffectiveness claim on direct appeal. We therefore consider the claim waived. **See** Pa.R.A.P. 302(a); Pa.R.A.P. 2119(a) (argument section of brief should correspond to questions, and include discussion and citation to pertinent authorities).

Instead, Ross requests this Court to order that he remain released on bond pending PCRA proceedings. Ross's Br. at 16. Ross did not request the trial court decide his right to bail after the conclusion of his direct appeal, but addresses his request to this Court in the first instance. However, "[a]pplications relating to bail when no appeal is pending shall first be presented to the lower court, and shall be governed by the Pennsylvania Rules of Criminal Procedure." Pa.R.A.P. 1762(b)(1). The request is therefore premature, and not properly before this Court. We therefore deny Ross's request to remain free on bond pending PCRA proceedings, without prejudice to Ross's ability to request bail in the court below after the conclusion of his direct appeal.[8]

---

[8] Although the bail bond during a pending appeal does not remain valid throughout post-conviction collateral proceedings, **see** Pa.R.Crim.P. 534, comment and **Commonwealth v. Dunlavey**, 805 A.2d 562, 565 (Pa.Super. 2002), a PCRA court has some discretion to grant bail during the pendency of a timely filed PCRA petition, **see** 42 Pa.C.S.A. § 9546(a), **Commonwealth v. McMaster**, 730 A.2d 524, 527 n.1 (Pa.Super. 1999).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/25/2019