J-S73011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS RUBEN CASTRO, JR. | : | |
| | : | |
| Appellant | : | No. 719 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 11, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000784-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                           **FILED MARCH 13, 2020**

Appellant, Carlos Ruben Castro, Jr., appeals from the judgment of sentence entered on April 11, 2019, in the Lycoming County Court of Common Pleas.  The judgment of sentence was imposed after a jury found Appellant guilty of twenty-nine counts of various sexual offenses and sexually related crimes committed against three minor females.  After careful review, we affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court provided a summary of the procedural history in this matter:

> By way of background, [Appellant] was charged with numerous sexual offenses against several female children. A jury trial was held September 11-13, 2018. [Appellant] was convicted of three counts of Indecent Assault of a Complainant Less Than 13 Years of Age, three counts of Corruption of Minors, two counts of Endangering the Welfare of Children, one count of Aggravated Indecent Assault of a Child, one count of Rape of a Child, one count of Solicitation of Rape of a Child, two counts of Criminal

Attempt Rape of a Child, and sixteen counts of Sexual Abuse of Children.[1]

> [1] 18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1)(ii), 4304(a)(1), 3125(b), 3121(c), 902(a), 901(a), and 6312(b)(1)[, respectively].

On December 27, 2018, the court sentenced [Appellant] to an aggregate term of 67 to 189 years' incarceration in a state correctional institution, which consisted of three to seven years' incarceration on Count 3, Indecent Assault of a Complainant Less Than 13 Years of Age; five to ten years' incarceration on Count 6, Aggravated Indecent Assault of a Child; three to seven years' incarceration on Count 7, Indecent Assault of a Complainant Less Than 13 Years of Age; twenty to 40 years' incarceration on Count 8, Rape of a Child; two to five years' incarceration on Count 11, Endangering the Welfare of Children; ten to 40 years' incarceration on Count 12, Solicitation of Rape of a Child; seven to 20 years' incarceration on Count 14, Sexual Abuse of Children; seven to 20 years' incarceration on Count 19, Sexual Abuse of Children; and ten to 40 years' incarceration on Count 22, Criminal Attempt Rape of a Child.

[Appellant] filed post sentence motions which consisted of a motion for reconsideration of sentence, a motion for a new trial, and a motion in arrest of judgment. The court denied the motion for a new trial and motion for arrest of judgment, but granted re-sentencing as Count 3 was improperly graded as a felony of the third degree, rather than a misdemeanor of the first degree. Otherwise, the court rejected [Appellant's] claims that his sentence was unduly harsh and excessive.

On April [11], 2019, the court reduced the sentence on Count 3 to two and one-half to five years' incarceration and ran Count 7 concurrent rather than consecutive to the other sentences, which resulted in an aggregate sentence of 63½ to 180 years.

On April 12, 2019, [Appellant] filed a post sentence motion in which he sought reconsideration of sentence. The court summarily denied the motion on April 16, 2019.

[Appellant] filed a notice of appeal on April 30, 2019.

Pa.R.A.P.(a) Opinion, 8/9/19, at 1-2. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for this Court's consideration:

> I. Did the trial court err by not applying the interest of justice exception to an untimely motion to suppress?
>
> II. Did the jury err when they determined there was sufficient evidence to establish the penetration element required to convict [Appellant] of Count 8, Rape of a Child?
>
> III. Did the trial court abuse its discretion by sentencing the [Appellant] to 63½ to 180 years, essentially confining [Appellant] to prison for the rest of his life?

Appellant's Brief at 4.

In his first issue, Appellant asserts that the trial court should have accepted his untimely suppression motion in "the interest of justice." Appellant's Brief at 10. We disagree.

As a general rule, a motion to suppress should be contained within a criminal defendant's omnibus pretrial motion, and the omnibus motion must be filed within thirty days after arraignment. Pa.R.Crim.P. 578, 579, and 581. "The rule is designed to provide one single procedure for the suppression of evidence[.]" Pa.R.Crim.P. 581, cmt. A defendant may file a supplemental suppression motion, but only when "the opportunity did not previously exist, or the interests of justice otherwise require." Pa.R.Crim.P. 581(B). "The 'interests of justice' exception provides a trial judge with discretion to excuse a party's tardy presentation of a suppression motion." *Commonwealth v.*

- 3 -

*Johonoson*, 844 A.2d 556, 560-561 (Pa. Super. 2004) (citation omitted). "The factors to be considered should include the length and cause of the delay, the merits of the suppression claim, and the court's ability, considering the complexity of the issues and the availability of the witnesses, to hold the hearing promptly." *Commonwealth v. Brown*, 378 A.2d 1262, 1266 (Pa. Super. 1977). "We review the trial court's decision on these matters for an abuse of discretion." *Johonoson*, 844 A.2d at 561 (citation omitted).

The record reveals that Appellant waived his arraignment on May 5, 2017. On July 3, 2017, the trial court entered a stipulated order allowing Appellant an extension of time in which to file the omnibus motion, and Appellant filed the motion within the time allotted by the extension. Omnibus Motion, 7/21/17. Therein, Appellant alleged the search warrant was overbroad and requested the trial court to suppress video and data evidence retrieved from Appellant's Samsung mobile telephone. *Id.* at ¶¶ 14-30; N.T., 8/31/17, at 7. On August 31, 2017, a hearing was held, and the trial court denied the omnibus motion on September 26, 2017. Appellant did not move the trial court to reconsider its denial of the suppression motion.

We note that at all relevant times, the Lycoming County Public Defender's Office represented Appellant in this matter. Attorney Joshua Bower of the Public Defender's Office filed Appellant's omnibus motion. Following the denial of the omnibus motion, Attorney William Miele of the Lycoming County Public Defender's Office, entered his appearance. Five

months after the trial court denied Appellant's omnibus motion, Attorney Miele filed Appellant's second suppression motion, again asking the trial court to suppress the evidence seized from the mobile phone. Motion to Suppress, 2/20/18, at ¶¶ 13-18. In this motion, Appellant modified his earlier argument and claimed that the search of the mobile telephone was conducted without his permission, and no exigency existed. *Id.*

On February 22, 2018, the Commonwealth filed a response to Appellant's suppression motion. Commonwealth's Response to Appellant's Second Motion to Suppress, 2/22/18. The Commonwealth asserted that Appellant's issue was previously litigated and that the trial court already had ruled against Appellant. Commonwealth's Response to Appellant's Second Motion to Suppress, 2/22/18, at ¶¶ 4-8. The Commonwealth also cited Pa.R.Crim.P. 581(B) and averred that any issues that Appellant failed to raise in the omnibus motion were waived, and "the interests of justice and rules of criminal procedure compel the court to deny [Appellant's] motion." *Id.* at ¶¶ 8-12.

On March 21, 2018, the trial court denied Appellant's second suppression motion. It its opinion and order, the trial court explained as follows:

> In this case, it certainly would not be fair to the alleged victim to continue the trial for months pending the litigation of a second suppression motion. In this case, it would not be fair to the prosecution to have to expend additional time and resources relating to a second suppression motion. In this case, it would not be fair to take more judicial time, energy, and resources when

those resources should have been consolidated with the time, effort, and resources spent on the first suppression motion.

In this case, it would not be fair to permit a new, arguably more experienced attorney from the Public Defender's office, to review a case and decide to pursue a motion that was not pursued by the attorney to whom the case was originally assigned. In this case, it would not be fair to simply guess why the first attorney chose not to pursue the issue in the first motion to suppress. In this case, it would not be fair to essentially open Pandora's Box for future litigants and potentially allow an evisceration of the timeliness requirements of the Rules of Criminal Procedure.

Finally, in this case, it would not be fair to permit the motion to be heard at this time when its merits are not at all obvious. In fact, it appears that the merits of the motion are suspect at best. There is absolutely no evidence before the court to conclude that [Appellant] utilized the phone himself to the exclusion of his paramour. To the contrary, there is evidence that the paramour also used the phone and had [Appellant's] consent to use the phone. She had the ability to access the phone and its contents and had the apparent authority to do so. As well, all of the factual information upon which the motion is based was known to [Appellant] and his counsel within the timeframes permitted by the Rules to timely file the motion. Indeed, … counsel was granted additional time. Lastly, it appears almost certain to the court that the evidence would have been obtained and that [Appellant's] motion would be denied based upon inevitable discovery.

Opinion and Order, 3/21/18, at 5-6.

We discern no abuse of discretion in the trial court concluding that the interests of justice did not warrant consideration of Appellant's untimely second suppression motion. Appellant was counseled throughout the proceedings and was afforded additional time in which to file the omnibus motion. In the omnibus motion, Appellant's counsel sought to suppress the evidence seized from the mobile telephone, and the motion was denied. Upon review by separate counsel, a second suppression motion was filed asserting

a different suppression theory: Appellant's paramour was not authorized to give consent to a search of the telephone; and no exigency existed. Motion to Suppress, 2/20/18, at ¶¶ 13-18.

We cannot conclude that the second suppression motion was borne out of lack of opportunity to present the issue in the omnibus motion nor was it required in the interests of justice. As the trial court pointed out, allowing this untimely second suppression motion would eviscerate our rules of procedure and permit second-guessing any time an omnibus motion is denied. Opinion and Order, 3/21/18, at 5. Rule 581(B) does not allow serial suppression motions merely because subsequent counsel enters their appearance after the trial court denies original counsel's omnibus motion; the rule requires more. This Court has held "The orderly administration of justice would be ill-served if we interpreted Rule 323[1] to be so flexible as to permit an exception whenever a defendant obtained a new attorney, and this is especially so where that attorney is a member of the same staff as the defendant's original attorney." *Commonwealth v. Page*, 371 A.2d 890, 891 (Pa. Super. 1977).

In sum, a defendant may file a supplemental suppression motion only when the opportunity did not previously exist, or the interests of justice otherwise require. Pa.R.Crim.P. 581(B). Herein, Appellant's counsel filed an

---

[1] Pa.R.Crim.P. 323 was the predecessor to Pa.R.Crim.P. 581 and contained identical terms. *Commonwealth v. Downey*, 39 A.3d 401, 404 (Pa. Super. 2012).

omnibus motion seeking to suppress evidence gathered from the telephone; therefore, there was no absence of an opportunity. Moreover, we cannot conclude that this second motion to suppress should be permitted in the interests of justice. Subsequent counsel's motion is merely tangential to the original motion; the motion requests suppression of evidence from the mobile telephone based only on a different theory.[2] We discern no abuse of discretion in the trial court's ruling, and Appellant is entitled to no relief.

In his second issue, Appellant avers that the evidence was insufficient to prove he committed the crime of rape of a child under 18 Pa.C.S. § 3121(c). Appellant's Brief at 13. Specifically, Appellant asserts that the evidence did not establish the element of penetration. *Id.* We disagree.

The standard for evaluating sufficiency claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the

---

[2] If Appellant concludes prior counsel was so deficient in fashioning the omnibus motion, Appellant may pursue that claim in a properly filed collateral petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. However, we point out that Appellant does not challenge the ruling on the omnibus motion. The trial court found no constitutional infirmity in the search warrant or the actual search of the mobile telephone, and Appellant does not assail the trial court's conclusion that the contents of the telephone inevitably would have been discovered. Opinion and Order, 3/21/18, at 6.

evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011) (citation omitted).

The relevant statutory language provides: "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c). In this context, the term "sexual intercourse" is defined as follows: "In addition to its ordinary meaning, [sexual intercourse] includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S. § 3101. Additionally, we have held the term "penetration however slight" is not limited to penetration of the vagina, and entrance in the labia is sufficient. *Commonwealth v. Hunzer*, 868 A.2d 498, 505-506 (Pa. Super. 2005) (citation omitted). "[C]ircumstantial evidence may be used to prove the element of penetration." *Commonwealth v. Stambaugh*, 512 A.2d 1216, 1219 (Pa. Super. 1986).

Appellant argues that the video exhibited in court did not show Appellant's penis enter the victim's vagina. Appellant's Brief at 15. Appellant also states that the Commonwealth's witness, Detective William Weber,

testified that it was "50/50" that Appellant's penis touched the victim's labia. *Id.* (citing N.T., 9/11/18, at 75). For these reasons, Appellant asserts the guilty verdict is based on mere suspicion. *Id.* We disagree.

The trial court addressed Appellant's challenge to the sufficiency of the evidence as follows:

> [The charge of rape of a child] was based on Video 2. This video depicts a portion of the legs and torso of a sleeping child clothed in white underwear with pink trim. The child is on a bed with child's sheets with a repeating, heart-shaped pattern. [Appellant] is holding his penis in his fingers. He uses his fingers to move the child's underwear to the side and then slides his penis inside the child's underwear. [Appellant] then moves his penis in and out at least an inch in between the child's legs inside her underwear. [Appellant's] penis does not come out [of] the other side of the child's underwear nor does it protrude against the underwear; rather, it disappears underneath the underwear and in between the child's legs. When [Appellant] removes his penis from inside the child's underwear, his penis appears wet or moist.
>
> Detective Weber testified that Video 2 had a date and time stamp of September 10, 2016 at 3:23 a.m. The following exchange took place between [Appellant's] trial counsel and Detective Weber:
>
> Q: And in that video you cannot see whether or not [Appellant is] actually penetrating [the child's] vagina or her anus, correct?
>
> A: Well my training and experience says penetration however slight. I would agree with you, you cannot see her vagina or her anus, but from where I saw his penis go her vagina is there. Touching the labia—touching the labia, touching the outside.
>
> Q: But it's fair to say you can't see whether or not it enters into however slight her vagina or her anus at that point in that video?
>
> A: I'll give you 50/50. My-my opinion it touched her labia,

touched her vaginal lips, yes. Okay, do I see it going in her vagina, the tip of his penis? No.

Q: But you can't tell me with that video. You may believe that it could have touched her labia, but you can't see it in the video, correct?

A: Correct.

N.T., 09/11/2018, at 75.

The child's mother identified her child and [Appellant] in the video. N.T., 09/11/2018, at 80-81. The child's mother also testified that the child was five years old at the time. N.T, 09/11/2018, at 82.

\* \* \*

[Appellant's t]rial counsel's questions focused on penetration of the vagina and the anus. As previously noted, however, there is no requirement that penetration reach the vagina; any penetration however slight of the labia is sufficient. *Hunzer*, supra….

Despite moving his penis in and out inside the child's underwear, [Appellant's] penis did not exit the other side of the child's underwear or protrude against the child's underwear. When [Appellant] removed his penis from inside the child's underwear, it was wet or moist. Both the angle of [Appellant's] penis and its movement inferred that he was slightly penetrating the child's labia. Detective Weber's opinion, based on his training and experience, was that there was penetration however slight. Therefore, the court finds that when the evidence as a whole is considered in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient for the jury to reasonably conclude that there was penetration however slight of the child's labia.

Opinion and Order, 3/26/19, at 10-12.

We agree with the trial court's analysis and conclusion. Detective Weber testified that the video showed Appellant's penis was between the victim's

"butt cheeks" and in the "vagina area." N.T., 9/11/18, at 74. Moreover, the detective said that the video, while not showing vaginal penetration, did reveal that Appellant's penis, which had been inserted between the victim's legs, was wet. *Id.* at 51.

We reiterate that the Commonwealth may sustain its burden of proof by means of circumstantial evidence. *Estepp*, 17 A.3d at 943. As the trial court noted, the video showed Appellant place his penis inside the child's underwear and between the child's legs; there was no indication that Appellant's penis extended out the other side of the underwear, and his penis could not be seen moving against the fabric on the inside of the underwear. Opinion and Order, 3/26/19, at 11. When the evidence is viewed in the light most favorable to the Commonwealth as verdict winner, it was sufficient to prove penetration as the circumstantial evidence supports the conclusion that Appellant's penis was in the entrance of the victim's labia. *Hunzer*, 868 A.2d at 506. Accordingly, no relief is due.

In his final issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 4. It is well settled that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the issue in his post-sentence motion; and Appellant included a statement raising this issue in his brief pursuant to Rule 2119(f). *Moury*, 992 A.2d at 170. Therefore, we must determine whether Appellant raised a substantial question.

In order to determine whether Appellant has raised a substantial question, we examine the Rule 2119(f) statement. *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will

be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code.[3] **Commonwealth v. Hartle**, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. **Id**. "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013).

In his Pa.R.A.P. 2119(f) statement, Appellant avers the trial court abused its discretion by imposing a manifestly excessive sentence of sixty-three and one-half to 180 years of incarceration which is allegedly "too severe." Appellant's Brief at 7. Appellant asserts that the consecutive nature of the sentences imposed results in a life sentence. **Id.**

The Commonwealth counters that Appellant failed to raise a substantial question. Commonwealth's Brief at 25. The Commonwealth further states that Appellant failed to provide any analysis on why the sentence was not appropriate under the Sentencing Code or how the sentence is contrary to the fundamental norms underlying the sentencing process. **Id.** The Commonwealth concludes that although Appellant attempts to characterize

---

[3] 42 Pa.C.S. §§ 9701-9799.75.

- 14 -

his sentence as a life sentence and argue that it advances no public interest or protection, Appellant "fails to go into further detail." *Id.* We agree and find that Appellant provided a mere boilerplate argument with no support. Appellant's challenge to the discretionary aspects of his sentence is merely a generic claim of displeasure with the duration and consecutive nature of the sentences imposed. Appellant develops no argument and cites no case law.[4] For this reason, we conclude that Appellant has failed to present a substantial question for review.

Even if this Court were to review the allegedly excessive duration of Appellant's aggregate sentence and the consecutive terms imposed, we would conclude that no relief is due. Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[4] The only cases Appellant mentions in his Pa.R.A.P. 2119(f) statement or argument section of his brief are **Commonwealth v. Mouzon**, 812 A.2d 617 (Pa. 2002), and **Commonwealth v. Sierra**, 752 A.2d 910 (Pa. Super 2000). Appellant's Brief at 7, 16. However, Appellant cites these cases as mere statements of law. These examples of when and under what standards an appellate court may review the discretionary aspects of a sentence provide absolutely no support, much less an argument, reflecting any abuse of discretion in the sentence imposed.

*Commonwealth v. Conte*, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted).

It is well settled that when the trial court is imposing more than one sentence, the decision to run the sentences consecutively or concurrently is a determination left to the discretion of the trial court. *See Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) (42 Pa.C.S. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences) (citation omitted); *see also Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (explaining that a defendant is not entitled to a "volume discount" for his crimes). Moreover, the record reveals the trial court stated its consideration of the Sentencing Guidelines and ranges of applicable sentences. N.T., 12/27/18, at 10-11. Additionally, the trial court reviewed the presentence investigation ("PSI") report. *Id.* at 6. When the trial court has the benefit of a PSI report, it is presumed that the court was aware of the relevant information regarding the defendant's character and weighed those considerations in conjunction with mitigating statutory factors. *Commonwealth v. Clemat*, 218 A.3d 944, 959-960 (Pa. Super. 2019).

This Court does not re-weigh sentencing factors or impose our judgment in place of the sentencing court. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Had Appellant properly raised a substantial question, we would have concluded that the trial court considered all relevant factors,

imposed an individualized sentence commensurate with the circumstances presented, and committed no abuse of discretion in fashioning its sentence.

For the reasons set forth above, Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Lazarus joins this Memorandum.

Judge Musmanno concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/13/2020